Youle et ux.
v.
Richards
et al.

## JOHN YOULE and CATHARINE his wife, v. SAMUEL RICHARDS et al.

The bill stated that the complainant, being seized of a tract of land, and indebted to defendant, executed a deed to him in fee simple for the premises, and delivered it to his agent, upon an understanding that complainant should have an opportunity to pay the debt in a given time, and that the agent should execute a written agreement to secure the right of redemption. That the agent executed and delivered to the complainant an agreement in writing, that if he should pay the debt within one year the deed should be void. This conveyance, when coupled with the agreement, is in equity nothing more than a mortgage; and the complainant is entitled to redeem on payment of the amount due.

Whenever it can be clearly shown to be the intention of parties that real estate, when conveyed, shall be subject to redemption, it is considered as a mere security, and can operate only as a mortgage.

The agreement, so far as it restricts the right of redemption to one year, is void. The right of redemption cannot be restricted to a limited time, or to a particular class of persons.

" Once a mortgage and always a mortgage," is an ancient equity maxim of approved policy and wisdom.

But a mortgagor, for good cause, may surrender his right of redemption, and render the title of the mortgagee absolute.

A mortgagee in possession may do no act to prejudice the estate. He is not authorized to cut down timber and commit waste upon the premises, even if the proceeds were applied to the extinguishment of the debt.

The bill charged, that the agreement for redemption was intrusted to a third person, and the agent of the defendant, by false representations, induced him to deliver it up, contrary to the wishes and without the knowledge of the complainant. If this be true, the complainant's equity would not be impaired, but he would be entitled to the aid of the court.

It was also charged that defendant was committing waste. An injunction was allowed.

The answer denied the fraud, and alleged that it was agreed between the agents of both parties, that the defendant should retain the land and pay the complainant a sum of money in full of his right of redemption, and the agreement should be given up and cancelled. That the agreement was given up, and the money paid on complainant's order to his agent, to receive it in full of the property. This, if done *bona fide*, is binding on the parties, and the title of the defendant is complete.

These allegations in the answer are not new matter, which, according to the practice, cannot avail the defendant; but directly responsive to a material allegation of the bill, and a complete answer to the charge of fraud—upon which ground the injunction was dissolved.

The defendant, in denying a charge against him, has a right to state the whole transaction.

JOHN Youle, one of the complainants, charges, that on the 20th January, 1824, he was seized in fee of a large tract of pine land, in the county of Burlington, valuable only for the timber growing upon it. That being indebted to Samuel Richards, of Philadelphia, in five hundred dollars, or thereabouts, Jesse Evans, the agent of Richards, proposed to him to execute to Richards a deed, conveying to him the property in fee, upon the understanding that the complainant should have an opportunity and right to pay the amount of the debt within a limited time, and that the agent would execute a written agreement by which the right of redemption would be secured. That the complainant acceded to the proposition, and accordingly executed a deed in fee to the defendant for the property, on the 27th February, 1824, and delivered it to the agent. That thereupon the agent executed an instrument of writing and delivered it to the complainant, wherein it was expressed, that if the complainant should pay the defendant, Richards, the said debt of five hundred dollars, or thereabouts, within one year, then the deed should be void, otherwise to remain in force. That being desirous to redeem the land, he entrusted to one William Wayne, his friend, the article of agreement, and requested him to tender the amount of the debt to Richards, and demand the deed. Wayne accordingly called before the expiration of the year, and tendered him the debt and interest, and demanded the delivery of the deed. Richards refused to deliver the deed without first seeing his agent, but told Wayne he would consider the tender a lawful one. That shortly after, the complainant called on Evans, the agent, and tendered him the amount due. He refused to receive it, and said it must be paid to Richards, though the complainant informed him at the time, that Richards was unwilling to receive it without first seeing his agent. That afterwards, viz. about the 1st of March, 1826, Richard Eayre, esquire, the brother-in-law of the complainant, at his request, called on Richards and tendered him the debt and interest; that he refused to receive it, and said the right of redemption was extinguished. That in

March, 1826, the said Jesse Evans called on William Wayne, and by divers misrepresentations induced him to deliver up the article of agreement; all which was without the knowledge of the complainant. That before the expiration of the time limited for the redemption, Richards took possession of the land, and committed, and still continues to commit, great waste, spoil and destruction.

The complainant, alleging his willingness to pay the money due, prayed an injunction to restrain the commission of further waste; and that the defendant might be compelled to re-convey the land to him on payment of the amount due, and to account for the rents and profits, as well as the damage to the property.

On filing the bill, an injunction issued to stay waste.

An answer having been put in by both defendants, it is moved to dissolve the injunction, on the ground that the equity of the bill is denied.

The motion was submitted without argument.

*Wall*, for the motion;

*Southard*, contra.

THE CHANCELLOR. The complainant has set out an equitable right. According to his statement, the conveyance, when coupled with the agreement, is, in equity, nothing more than a mortgage, and he is entitled to redeem on payment of the amount due. He alleges that he tendered the debt and interest, first to the principal, Richards, and then to Evans the agent, and that both tenders were made within the year. Richards declined receiving the money tendered, without first seeing the agent; and the agent, when called on, declined receiving it, and said it must be paid to the principal. These facts are substantially admitted by the answer. Richards says he agreed to consider the tender lawful, so far as respected the amount due, but was unwilling to receive the money, or give any receipt for it, until he could hear from his agent. And Evans says, that shortly after this, but at what particular time he cannot recollect, the tender was

made to him, and that he declined receiving the money, because
he had no authority to take it. So far forth the equity of the
bill is admitted by the defendants. The answer alleges, it is
true, that after the two several tenders made by the complain-
ant, Evans, the agent, called upon the complainant to know if
he still wished to redeem ; that he appeared undecided, and pro-
mised to let him know in one week, which he failed to do; and
that after the lapse of more than a month, Evans, as the agent
of Richards, took possession of the property. Admitting these
facts as stated, I do not see that they affect the complainant's
equity, or that they gave the defendant a right to take possession
of the property and use it as his own. The fact of possession
cannot aid him, for he was not let in by the complainant.

The complainant is to be considered in this court in the light
of a mortgagor. His situation is not altered by the fact that
Richards (as stated in the answer) originally held a mortgage
against him, and that upon an arrangement made between them,
the complainant agreed to give him, and did actually execute
and deliver to him, an absolute deed, on receiving an agree-
ment in writing that he should be at liberty to redeem by paying
the money due in one year. The conveyance could operate on-
ly as a mortgage in equity, and the agreement, so far as it re-
stricts the right of redemption to one year, is void. The princi-
ple is well settled, that all such restrictions are void. Whenever
it can be clearly shown to be the intention of the parties, that
real estate, when conveyed, shall be subject to redemption, it is
considered as a mere security ; and the right of redemption can-
not be confined to a limited time, or to a particular class of per-
sons. In *Kilvington* v. *Gardner*, 1 *Vern.* 192, it was decreed,
that although the condition of the mortgage was to redeem
during the life of the mortgagor, the heir might redeem not-
withstanding. In *Clinch* v. *Witherly, Cas. Temp. Finch*,
376, there was a surrender of a copyhold estate to the use of
A. B., without any condition expressed in it, but a judgment
was given at the same time as a further security ; and it was
agreed by a note in writing, that if the mortgagor should within
a twelve-month pay back the consideration money of the sur-
render, that he would yield up the copyhold and acknowledge

68

satisfaction on the judgment.   The court considered the surrender and judgment as securities only for the repayment of the money, and decreed a redemption sixteen years after the twelve months had expired.   " Once a mortgage and always a mortgage," is an ancient equity maxim, of approved policy and wisdom.   There would have been, without it, a door open for the imposition of every kind of restraint on the equity of redemption, and thereby the borrower, through necessity, would have been driven to embrace any terms, however unequal or cruel; which would have tended greatly to the furtherance of usury, and the conversion of the equitable jurisdiction of the court into an engine of fraud and oppression.   In the chancery of New-York, it was held, that every contract for the security of a debt by the conveyance of real estate, is a mortgage; and all agreements of the parties tending to alter, in any subsequent event, the original nature of the mortgage, and prevent the equity of redemption, is void.   If the conveyance is a mortgage in the beginning, the right of redemption is an independent incident, and cannot be restrained or clogged by agreements : *Henry* v. *Davis*, 7 *John. C. R.* 42.   Such an agreement, says Fonblanque, would be contrary to natural justice in the creation of it, and prove a general mischief, because every lender would by this method make himself chancellor in his own case, and prevent the judgment of the court : 2 *Fonb.* 259.   See also *Fry* v. *Porter*, 1 *Ch. Ca.* 141 ; *James* v. *Oades*, 2 *Vern.* 402 ; *Seton* v. *Slade*, 7 *Ves.* 273 ; and 1 *Pow. on Mortg.* 116, et seq.

Considering Richards, the defendant, as a mortgagee in possession, he is not authorized to cut down timber and commit waste upon the premises.   No act prejudicial to the estate can be justified in equity.   Even if the proceeds of the timber cut were appropriated to the extinguishment of the debt, it would be very questionable policy to allow the mortgagee to pay himself his debt out of the property, according to his own ideas of right : *Harson* v. *Derby*, 2 *Vern.* 392 ; *Farrant* v. *Lood*, 3 *Atk.* 686 ; 1 *Pow. on Mortg.* 188–9 ; *Eden on Inj.* 118.

Were there no other facts in the case, I should feel no difficulty in retaining the injunction until the hearing, on the ground that Richards is a mere mortgagee in possession, and therefore

not justified in committing waste on the property; but there is one circumstance in the case which materially varies the whole ground. It appears, according to the complainant's own showing, that the instrument of writing in the nature of a defeasance, which was given for the safety of the complainant, was delivered up to the defendant, Richards, and cancelled. This, if a *bona fide* transaction, is binding on the parties. A mortgagor may, for good cause, surrender his right of redemption, and render the mortgagee's title absolute. This is an every day transaction, and does in no wise impugn the principles already established. It is alleged, however, by the complainant, that this was a fraudulent transaction, and ought not to take away, or even to prejudice, his rights. He states that Evans, one of the defendants, knowing that the original article of agreement was entrusted to William Wayne, called on Wayne to effect a redemption of the land, and, by making divers false representations, induced him to deliver up the article: that this was contrary to the wishes of the complainant, and he was ignorant of it until some time afterwards. If this be true, the complainant's equity is not impaired, and he is entitled to the full aid of the court, not only to protect him in his rights, but to expose the fraud by which those rights are sought to be destroyed. I think, however, the answer of the defendants sufficiently repels the charge. It sets forth, that after the complainant neglected to redeem the land, the business remained unsettled, and that Richards referred it to Evans to make such arrangement with Wayne, who was entrusted with the agreement, and who was the brother-in-law of the complainant and acted as his attorney and agent in the matter, as he might think proper and right; and it was accordingly agreed between them, that Richards should retain the land, and pay to Youle the sum of two hundred and fifty dollars, in full of all his interest, right of redemption, or other claim therein; and that the agreement should be cancelled and delivered up. This arrangement was acceded to by Richards, and he agreed to pay the money to Wayne on his producing an order from Youle, the complainant, to receive the amount, and also the original agreement. That accordingly, on the 5th September, 1826, Wayne, acting on behalf of Youle,

April, 1832.

Youle et ux.
v.
Richards
et al.

produced the agreement, and also a written order from Youle, authorising Richards to pay to Wayne two hundred and fifty dollars, as the balance in full; whereupon he paid the money to Wayne, and took his receipt, stating it to be for lands near Martha furnace, purchased by Jesse Evans for Richards' account.

This appears to me a complete answer to the charge of fraud. And it is not new matter, which, according to the practice of the court and the reason of the thing, cannot avail the defendant on this motion. It is directly responsive to a material allegation of the bill. The defendant, in denying a charge against him, has a right to state the whole transaction.

In making this arrangement, it appears that Wayne undertook to act as the agent of Youle, the complainant; who now insists that Wayne was not authorised. But we are to take the defendant's answer as true, upon the present inquiry; and it shows, not only that Wayne acted as agent, and made the contract as such, but that the contract was not completed until he produced the written authority of Youle himself to receive the stipulated sum of money, and also produced the original agreement or defeasance to be cancelled. This could not have been done without the knowledge and approbation of the complainant.

As the case is presented upon the bill and answer, the title of the defendant is complete, and there is no ground for continuing the injunction.

Injunction dissolved.