NOEL VANDERHAIZE *vs.* CHARLES A. HUGUES *et ux.*

A deed of conveyance, absolute in its terms, given to secure a loan of money, is a mortgage, and the right of redemption exists although the money was not repaid at the time agreed upon.

Once a mortgage always a mortgage, is a maxim of equity, to which there is no exception.

The right of redemption is an inseparable incident of which the mortgagor cannot deprive himself, even by an express covenant.

*Boyd* and *Lyons*, for defendant.

*Winfield*, for complainants.

THE CHANCELLOR. The material facts, so far as regards the present application, are not disputed. The bill charges, and the answer admits, that although the conveyance of the premises in dispute made by the complainant to the defendant is absolute upon its face, it was in reality a mortgage, being given to secure the repay-

ment of $3000, by the complainant to the defendant, with interest, in three years from date. The defeasance is in writing, and there is no room for dispute as to its terms. The complainant is entitled to redeem. His bill is filed for that purpose. The injunction was granted to restrain the defendant from conveying the property pending the suit. As the deed is absolute upon its face, a sale of the premises by the defendant to a *bona fide* purchaser, without notice of the defeasance, would vest the title in the purchaser free from the complainant's equity, and deprive him of the right of redemption. *Cornell* v. *Pierson,* 4 *Halst. Ch.* 484.

It is proper, therefore, that the defendant should be restrained from alienation until the complainant's rights are adjusted and determined.

The defendants' answer is based on the assumption that although the deed was originally intended as a mortgage, yet the title in itself being absolute, and the complainant having failed to pay the debt at the time stipulated in the defeasance, his right to redeem is gone. This is an error.

Once a mortgage always a mortgage, is a maxim of equity to which there is no exception. *Newcomb* v. *Bonham,* 1 *Vernon* 8; *Clark* v. *Henry,* 2 *Cowen* 324.

The right of redemption is an inseparable incident, and the mortgagor cannot deprive himself of the right to redeem, even by an express covenant for that purpose. 4 *Kent's Com.* 143; 1 *Vernon* 8; 1 *Powell on Mort.* 116 a ; *Youle* v. *Richards, Saxton* 534; *Crane* v. *Bonnell,* 1 *Green's Ch.* 264; *Van Wagner* v. *Van Wagner,* 3 *Halst.* 27; *Henry* v. *Davis,* 7 *Johns. Ch. R.* 40.

The right may be surrendered by the mortgagor, (*Saxton* 534; 4 *Kent's Com.* 143,) or be barred by foreclosure or by lapse of time. 1 *Vernon* 8, (*Raithby's ed.*) *note* 1; 1 *Mad. Ch.* 519.

There is no distinction in this respect between a mortgage in usual form and an absolute conveyance made as a mere security for money. Every contract for the secu-

x*

rity of money by the conveyance of real estate to the lender not made in contemplation of an eventual arrangement of property is in equity deemed a mortgage. 1 *Powell on Mort.* 116.

The motion to dissolve the injunction is denied with costs.