Lambert *v.* Miller.

## GERSHOM LAMBERT

*v.*

## LUTHER L. MILLER et al.

A judgment creditor of a mortgagor of chattels may redeem the mortgage, which is a lien prior to the execution issued on his judgment and levied on the chattels, and may enjoin the mortgagee from selling the chattels under the mortgage, on tendering the principal and interest due on the mortgage, and such reasonable, lawful expenses as have been incurred in and about the sale, if known. But where the principal and interest alone were tendered, and the mortgagee declined either to accept or refuse the tender because of his apprehension as to its effect on a pending suit brought against him by the judgment creditor to set aside the mortgage for alleged fraud, and also because he was unwilling to accept the tender without the advice of his counsel.—*Held,* that the tender was sufficient, and that a motion to dissolve the injunction should be denied.

Bill to redeem. On motion to dissolve injunction. On pleading and affidavits.

*Mr. L. H. Sergeant* and *Mr. C. A. Skillman,* for the motion.

*Mr. F. C. Lowthorp, contra.*

Lambert *v.* Miller.

THE CHANCELLOR.

This is a suit brought by a judgment creditor of a mortgagor of chattels to redeem the mortgage, which is a lien prior to that of the execution issued on the judgment and levied upon the property. On the filing of the bill an injunction was issued restraining the mortgagee from selling the property. He now moves to dissolve the injunction. The judgment creditor has the right to redeem. *Jones on Mort.* § *1069 ; Pom. Eq. Jur.* § *1220.* Before bringing suit for redemption he must make a tender of the amount due on the mortgage for principal and interest, and where, as was the case here, the mortgagee was proceeding, as he lawfully might, to sell under the power given in the mortgage, the tender should include the reasonable lawful expenses incurred in and about the sale, if they are known. While the amount due for principal and interest can readily be ascertained, those expenses oftentimes cannot be, without information on the subject from the mortgagee. In such case, where the mortgagee withholds the information, or makes no claim on account of the expenses, the person seeking to redeem will not be bound to make a tender on account of them. The mortgagee, on the making of the tender, should, if he claims such expenses, make it known and state the amount. If he does not do so, the tender of the principal of the mortgage and the interest due thereon will be sufficient to warrant a suit to redeem. In this case the judgment creditor tendered the amount of principal of the mortgage and the interest due up to the time of the tender. The mortgagee being in doubt as to what he should do, whether to accept the money or not, in view of the fact that there was then pending in this court a suit brought against him by the judgment creditor to set aside the mortgage for alleged fraud, declined either to accept or refuse the money. He was apprehensive that should he take it, his acceptance of it would debar him from the right to costs in that suit in case he should be successful therein, and, moreover, he was unwilling to accept the tender without the advice of his counsel. Under the circumstances, the tender, which was an unconditional one in all respects, was sufficient. The judgment creditor was not bound to wait for the determination of the suit

Snell's Executors *v.* Snell.

just mentioned, before making the tender. Nor, on the other hand, was the mortgagee at liberty to refuse the tender because that suit was still pending. The offer to redeem was practically an abandonment of that suit. And, indeed, that controversy had been, so far as its merits were concerned, already determined in favor of the mortgagee. See *Lambert* v. *Miller, 10 Stew. Eq. 344.* The payment of the costs of that litigation could not have been made a condition of redemption. The suit has, in fact, been discontinued and the costs have been paid. The motion to dissolve will be denied, with costs.