MARMON FANNING COMPANY, complainant-appellant,

*v.*

THE PEOPLES NATIONAL BANK OF ELIZABETH, defendant-respondent.

[Submitted October term, 1929. Decided May 19th, 1930.]

*Messrs. Green & Green,* for the appellant.

*Mr. Abe J. David,* for the respondent.

The opinion of the court was delivered by

HETFIELD, J.

This is an appeal from a final decree of the court of chancery, dismissing the bill of complaint, which was one for discovery, calling upon one of the defendants, The Peoples National Bank of Elizabeth, to disclose what property and things in action the said bank held, belonging to the defendant, Marmon Elizabeth Company, Incorporated, and also to disclose the manner in which the sum of $2,000, represented by a certificate of deposit issued by the defendant bank, to the order of Helen E. Allen and Paul V. Allen, who are also made defendants, had been disposed of, and praying for an order directing said bank to pay the said sum of $2,000 on account of a judgment obtained by the complain-

ant, against the defendant, Marmon Elizabeth Company, Incorporated. It appears that the said company, of which Paul V. Allen was president, and Helen E. Allen, treasurer, was a dealer in automobiles, in the city of Elizabeth, and as such, desired to establish a line of credit with the complainant, who was a distributor of Marmon automobiles. The complainant refused to extend any credit unless the Marmon Elizabeth Company, Incorporated, could show that it had a $5,000 cash working capital with which to do business. The Allens then endeavored to obtain a loan from the defendant bank, on behalf of the company, but as it was already indebted to the bank for certain notes discounted, in the sum of $3,950, additional credit was refused, so far as the company was concerned.

After further negotiations, the bank finally agreed to loan Paul V. Allen and Helen E. Allen, individually, the sum of $11,450, upon condition that the loan would be secured by a mortgage of $7,500, on their home, and also by pledging with the bank a certificate of deposit for $2,000 as collateral. The said mortgage was subsequently executed, and on March 6th, 1928, the Allens executed a collateral note to the bank, in the sum of $11,450, and received a cashier's check payable to their order, for that amount. The check was endorsed by the Allens, and deposited to the account of the Marmon Elizabeth Company, Incorporated. Checks were drawn against this deposit, one in the sum of $3,950, for payment of notes of the Elizabeth company which were endorsed by the Allens, individually, one for $2,500, to pay a second mortgage on their home, and one for the sum of $2,000, payable to the order of the bank, for which the bank issued a certificate of deposit to the order of Helen E. Allen and Paul V. Allen, which certificate was endorsed in blank by them, and left with the bank as collateral, pursuant to the understanding had with the bank. It further appears that on August 1st, 1928, the bank credited the $2,000 certificate of deposit to the loan of $11,450, in accordance with the terms of the collateral note, given by the Allens. The complainant, on August 21st, 1928, recovered a judgment in the New

Jersey supreme court, against the Elizabeth company, for $2,333.75, and on November 2d, 1928, the sheriff of the county of Union, by virtue of an execution to him directed, levied upon all the moneys in the hands of the bank, due or to become due, to the Elizabeth company. The bank refused to pay over any moneys to the sheriff, and by reason thereof, the present bill was filed by the complainant.

The complainant contends that the dismissal of the bill was erroneous, in that the Elizabeth company's check for $2,000 was given to the bank in payment of the certificate of deposit, in accordance with an agreement between the bank and the said Elizabeth company, to the effect that the $2,000 was to represent part of the Elizabeth company's account, and was to be applied to said account when required by the company, and that by reason thereof the certificate of deposit was a special deposit between the company and the bank, and could not be applied to any purpose other than that for which it was deposited. We fail to find any evidence to warrant such a conclusion. The Elizabeth company was not a party, in any sense, to the transaction whereby the Allens, as individuals, procured a loan from the bank, upon certain terms and conditions, to which they personally agreed, one of which being that the sum of $2,000 should be used to purchase a certificate of deposit, which, in turn, was to be pledged with the bank as collateral. The amount of the loan was paid by the bank to the Allens, individually, and they immediately paid some indebtedness of the company's as well as their own, leaving a balance on hand which they allowed to be used in the company's business, of $3,000. Under these circumstances, we cannot conceive in what manner the $2,000 constituted a special deposit.

It is further contended by the complainant that credit was extended to the Elizabeth company, by reason of misrepresentations on the part of the bank, to the effect that the sum of $5,000 was available for the account of the Elizabeth company, and therefore the bank is estopped from denying that the certificate of deposit was part of the company's assets. This is denied by the bank; but if true, we cannot

see how it would affect the ownership of the security given in the transaction, to which the company was not a party, or how any loss sustained by the complainant, or others, by reason of the bank's misrepresentations, can be compensated for by moneys belonging to the Allens. It is a general rule that a bank has the right to set off or apply the deposit of its debtor to the payment of his matured debts, upon the theory that as the depositor is indebted to the bank upon a demand which is due, the funds in its possession may properly and justly be applied in payment of such debt, and it has therefore a right to retain such funds until payment is actually made.

The decree of the court of chancery will be affirmed.

*For affirmance*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, BLACK, CAMPBELL, LLOYD, CASE, BODINE, VAN BUSKIRK, McGLENNON, KAYS, HETFIELD, DEAR, WELLS, JJ. 14.

*For reversal*—None.