HELEN M. BECK,

*v.*

GEORGE D. BECK, executor, &c., et al.

[Decided October 19th, 1931.]

*Mr. Leonard* and *Messrs. Applegate, Stevens, Foster & Reussille,* for the appellant.

*Mr. Ward Kremer,* for the respondents.

PER CURIAM.

Helen M. Beck, the complainant in this case, filed a bill against the executor of her husband to compel an accounting of moneys for which she claimed her husband had become indebted to her during his lifetime. The hearing resulted in a decree dismissing the bill, and she has appealed therefrom.

The situation exhibited by the state of the case is as follows : Mrs. Beck, during her married life, was engaged in the business of selling at retail women's sport apparel and women's specialties at her store in Spring Lake. Her husband assisted her in the conduct of this business. In the autumn of 1925 Beck separated from his wife, and filed a bill in chancery against her, alleging that he and she were partners in this business, and praying that there should be an accounting of the profits thereof by her to him. The wife filed an answer denying the existence of the partnership, and stating therein that her husband had appropriated to his own use, without her authority, some $5,000 or $6,000 worth of the profits of the business. The case came on to be heard in due course before Vice-Chancellor Berry. He held that the proofs satisfied him entirely that no business partnership existed between the wife and the husband; that the business was hers, and that he was merely her assistant in the conduct thereof. The vice-chancellor also intimated at the close of the case that much of the money that had been appropriated by the husband was a reasonable compensation for his services, but made no formal adjudication on this point, merely advising a decree dismissing the bill; and such decree was thereupon entered in December, 1925. In the present case the executor in his answer set up as a defense that all of the matters herein involved were *res judicata* under the decree in the suit brought

by the husband to have a partnership declared. The vice-chancellor before whom this case was heard concluded that this contention was sound, and advised a decree dismissing the bill for this reason.

The contention of the appellant before us is that the decree was erroneous for the reason that the matters involved herein were not *res judicata*. In our opinion, this contention is well founded. The statement just made with relation to the scope of the earlier decree shows that the matters involved in the present litigation were not decided in the earlier suit, and, this being so, the doctrine of *res judicata* has no application to those matters.

It is argued on the part of the respondents that, even if the vice-chancellor was in error in holding that the matters involved in this litigation were *res judicata,* the dismissal of the present bill was proper,.for the reason that in the suit brought by the husband against the wife she was required, in order to protect herself in the assertion of her present claim, to ask leave to file a set-off in that suit, and that her failure to do this was a bar to her right to now maintain the present action, our statute relating to set-offs, as counsel argues, so declaring. An examination of the statute (*4 Comp. Stat. p. 4836*), however, discloses that it applies only to suits at law, with two exceptions; namely, in the case of a bill to foreclose a mortgage and in the case of a bill to redeem the same. Consequently, the failure of the wife to file a set-off in the action instituted by the husband does not bar her from maintaining the present suit.

Notwithstanding, however, what has already been stated, our conclusion is that the decree of dismissal was proper. The complainant knew of her husband's alleged misappropriation of her moneys at the time of the pendency of his suit to have a partnership declared. In order to maintain her present action for an accounting, she was bound to institute it within a reasonable time after the determination of the suit brought by her husband. The final decree in that suit was entered in December, 1925. Her husband lived for approximately a year subsequent to that date, and during that period

she took no steps to enforce her alleged right of action against him, and did not institute the present suit until two years after his death. No persons other than the husband and wife had any knowledge of the business relations existing between them, so far as the present case shows. By waiting until her husband died and then filing her bill of complaint against the executor, she has prevented any defense from being successfully interposed against her claim. This course of conduct on her part constitutes, in our opinion, such laches as to bar her from now maintaining this suit.

For the reason indicated, the decree under review will be affirmed.

*For affirmance*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, CAMPBELL, LLOYD, CASE, BODINE, DALY, DONGES, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, JJ. 14.

*For reversal*—None.