Since 1928 complainants have been record owners of a dwelling house property in Bayonne. Their grantors were the makers of a bond secured by mortgage on said property, given to one Jago, and complainants took title subject to said mortgage and by the contract of purchase with their grantors, assumed and agreed to pay the bond and mortgage. Thereafter Jago assigned the bond and mortgage to Bank of South Hudson and Trust Company, by assignment absolute on its face but in reality as security for payment of Jago's note discounted by the bank. The Bank of South Hudson and Trust Company subsequently merged with Mechanics Trust Company, which latter bank, since January 1st, 1934, was under restrictions as to payments to its depositors, pursuant to the provisions of the "Altman act" (P.L. 1933 ch. 27) and is now insolvent and since June 1st, 1936, has been in charge of the defendant commissioner of banking and insurance as liquidator, under proceedings in this court. After the bond and mortgage had been assigned to the Trust Company, and when the debt secured by the mortgage fell due, complainants entered into an agreement with Mechanics Trust Company, extending time for payment and they thereby covenanted and agreed with it to pay the bond and mortgage. The parties to this suit agree that $3,000 of principal is now due on the bond and mortgage with interest from June 29th, 1936, and that the indebtedness of Jago to Mechanics Trust Company, remains unsatisfied.
When Mechanics Trust Company became financially distressed and came under the provisions of the "Altman act," complainants had and still have on deposit therein $1,895.02, which sum complainants have requested defendant to set-off *Page 169 
against the mortgage debt and they tendered defendant the difference between the amount due on the bond and mortgage and the amount of their deposit and demanded cancellation or satisfaction of the bond and mortgage. Defendant denied complainants' right to the set-off, refused to allow the same and to accept said tender and threatened foreclosure proceedings. Thereupon complainants filed their bill in this cause to redeem the mortgage, wherein they name the commissioner of banking and insurance as the sole defendant and pray that he be decreed to allow the off-set and cancel or satisfy the mortgage upon payment by complainants in cash of the balance of the mortgage debt.
A mortgage is a deed containing a defeasance clause and if the terms of the defeasance are not performed, the mortgagee's title would become absolute but for the relief afforded in equity under the name of "equity of redemption" (Cohn v. Plass, 85 N.J. Eq. 153) and the mortgagee's right to possession can be defeated by equitable proceedings to redeem. Stewart v. Fairchild-BaldwinCo., 91 N.J. Eq. 86. The right to redeem is an inseparable incident to every mortgage (Vanderhaize v. Hugues, 13 N.J. Eq. 244; Stockton v. Dillon, 66 N.J. Eq. 100) and may be exercised by any one owning an interest in the mortgaged land. Youle v.Richards, 1 N.J. Eq. 534; Eldridge v. Eldridge, 14 N.J. Eq. 195; Hamilton v. Dobbs, 19 N.J. Eq. 227; Bigelow v. Cassedy,26 N.J. Eq. 557; Lambert v. Miller, 38 N.J. Eq. 117; Merselis
v. Van Riper, 55 N.J. Eq. 618; Howard Savings Institution v.Essex Building and Loan Association, 46 Atl. Rep. 223. The mortgage debt in question being past due, complainants as owners of the property held as security for payment of the debt, have the right to discharge the lien on their property by satisfying the debt.
By complainants' contract of purchase with their grantors whereby they assumed the mortgage debt on the property then about to be conveyed to them and agreed to pay it, complainants incurred an obligation to their grantors (who were the mortgagors), which enured in equity for the benefit of the holder of the bond and mortgage and which the mortgagee *Page 170 
could enforce in equity. The remedy in equity to enforce such obligation is not impaired by the act concerning proceedings on bonds and mortgages (Comp. Stat. p. 3420 §§ 47 et seq.) as amended, which act regulates the form of procedure in foreclosure suits and applies to suits at law upon the mortgage bond, and such remedy is independent of the foreclosure suit. Green v.Stone, 54 N.J. Eq. 387; Teitz v. Meano, 107 N.J. Eq. 210. And by complainants' covenant made with Mechanics Trust Company, to pay the mortgage debt, complainants became directly and primarily liable to the Trust Company, and this, too, independent of the statute just cited. Pfeiffer v. Crossley, 91 N.J. Law 433;affirmed, 92 N.J. Law 638; Gaffney v. Wm. E. Wright Sons Co.,112 N.J. Law 191. Therefore, when the commissioner of banking and insurance took over the liquidation of the Trust Company, complainants were debtors to the Trust Company, and at the same time complainants were creditors of the Trust Company, for the amount they had on deposit with that company. Slavin v.Passaic National Bank and Trust Co., 114 N.J. Law 341. Thus the mutual relation of debtor and creditor then existed between complainants and the Trust Company.
By his answer and the agreed state of facts, defendant asserts he has no intention of proceeding against complainants for any deficiency which might arise upon sale under foreclosure of the mortgage here in question; that he does not intend to sue complainants upon their covenant to pay the mortgage debt and that he will file a disclaimer to that effect. Defendant is trustee of the assets and rights of the Trust Company, and as such he is without authority to waive its legal rights. He may not release the direct cause of action he has against complainants on their independent promise to pay the mortgage debt and rely solely on his right to foreclose the mortgage and on sale of the mortgaged property to realize the entire amount of such debt. If he releases complainants from that obligation he probably also releases the obligors on the bond. It would be most inequitable to permit him to disclaim his right to sue complainants for the debt *Page 171 
they owe the Trust Company when such disclaimer is obviously made for the purpose of defeating such right as complainants may have to a set-off. The rights and liabilities between complainants and the Trust Company were fixed prior to the time defendant took over the liquidation of the Trust Company and defendant cannot defeat complainants rights by any disclaimer he may make.
Section 1 of an act concerning set-offs (Comp. Stat. p. 4836) provides that if any two or more persons be indebted to each other, such debts, not being for unliquidated damages, may be set off against each other and section 5 of said act provides that in suits for the redemption of mortgaged property, all just set-offs shall be allowed in ascertaining the amount due on any mortgage in the same manner and to the same extent as like set-offs are allowable in actions at law. There can be no doubt that this act applies to a suit to redeem a mortgage. Beck v. Beck, 109 N.J. Eq. 109.
Section 61 of the Chancery act (Comp. Stat. p. 433) provides that in all suits where the amount due on any mortgage is in issue, all just set-offs shall be allowed in ascertaining the amount due in the same manner and to the same extent as like set-offs are allowed in actions at law. By the act (as amended byP.L. 1931 ch. 255) under which the commissioner of banking and insurance is authorized to take possession of and liquidate a trust company, the commissioner is empowered and authorized, in case of mutual dealings between the Trust Company and any person, to allow just set-offs in all cases in which the same ought to be allowed according to law and equity.
It is settled at law that a bank may set off against a general deposit with it, a debt due to it from the depositor (Tufts v.Peoples Bank and Trust Co., 59 N.J. Law 380) and such right is also recognized in equity. Marmon Fanning Co. v. PeoplesNational Bank, 106 N.J. Eq. 170. It is also settled at law that one indebted to a bank and having a deposit to his credit therein when the commissioner of banking and insurance takes possession, is a creditor of the bank and is entitled to set off his deposit against the debt he owes the *Page 172 
bank (Roseville Trust Co. v. Barney, 89 N.J. Law 550) and that rule is also recognized in equity. Borough of Neptune City
v. Seacoast Trust Co., 116 N.J. Eq. 357. It has been held that the matter of set-off should be liberally and equitably construed and that courts generally, in the interest of common justice have departed from the rigor of set-off statutes and have freely applied equitable principles. Newman v. Hatfield Wire andCable Co., 113 N.J. Law 484. Upon the facts and the law I conclude that complainants are entitled to have the amount of their deposit with the Trust Company set off against and credited on the debt which is secured by the mortgage covering their property and that upon payment to defendant of the balance of that debt in cash, they are entitled to have the bond and mortgage delivered to them, the latter receipted for cancellation.
In the present position of the suit it cannot be decreed that $3,000 with interest from June 29th, 1936, is the true amount of the debt now secured by the mortgage, the original principal of which was $5,000. Apparently payments have been made on account of the original principal, some of which may have been received by the Trust Company or by defendant. Although Jago's assignment to the Trust Company was absolute on its face, complainants were apprised by defendant's answer to their bill that defendant held the assignment as collateral for the payment of Jago's note, and since Jago has an interest in the mortgage and in the determination of the correct amount secured thereby, he should have been brought in as a party to the suit. Complainants may have a decree establishing their rights as against defendant, but no decree can be made which will bind Jago and protect defendant against a claim he may have to an accounting until he is brought in as a party. *Page 173