142 N.J. Super. 304 (1976)
361 A.2d 550
ALLAN L. TUMARKIN, AS ASSIGNEE FOR THE BENEFIT OF CREDITORS OF SCIENTIFIC RESTAURANT MANAGEMENT CORP., A CORPORATION, PLAINTIFF-RESPONDENT,
v.
FIRST NATIONAL STATE BANK OF NEW JERSEY, A CORPORATION, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued April 6, 1976.
Decided June 17, 1976.
*306 Before Judges KOLOVSKY, BISCHOFF and BOTTER.
Mr. Alan D. Wiener argued the cause for appellant (Messrs. Raff and Scheider, attorneys).
Mr. Allan L. Tumarkin, assignee and attorney pro se, argued the cause for respondent.
The opinion of the court was delivered by KOLOVSKY, P.J.A.D.
On October 18, 1971 Scientific Restaurant Management Corp. (Scientific), a corporation which admittedly was then insolvent, assigned and transferred all its property to plaintiff in trust for the benefit of *307 its creditors. See N.J.S.A. 2A:19-1 et seq. At the same time D.P.D. Inc., Scientific's wholly owned subsidiary, also executed an assignment for the benefit of its creditors.
The controlling facts are undisputed. By the terms of a loan and guaranty agreement signed by D.P.D. Inc. and Scientific, respectively, the making of the assignments for the benefit of creditors matured the obligations of each to pay defendant at least $21,590.10.
Scientific had been a depositor in defendant bank (bank). The credit balance in its bank account when the assignment was executed was $21,590.10. On learning of the assignments the bank, on October 18, 1971, debited Scientific's bank deposit account with $21,590.10 and applied that amount as a payment on account of the debt owed it.
In this action, instituted by Scientific's assignee for the benefit of creditors, he alleged that the bank had no right to apply the credit balance in Scientific's bank account in satisfaction of the debt owed it by Scientific and that its doing so constituted an unlawful preference. The trial court agreed and entered judgment in the assignee's favor for $21,590.10 plus interest. Defendant appeals. We reverse.
Plaintiff does not dispute that:
It is a general rule that a bank has the right to set off or apply the deposit of its debtor to the payment of his matured debts, upon the theory that as the depositor is indebted to the bank upon a demand which is due, the funds in its possession may properly and justly be applied in payment of such debt, and it has therefore a right to retain such funds until payment is actually made. [Marmon, &c., Co. v. The Peoples, &c., of Elizabeth, 106 N.J. Eq. 170, 173 (E. & A. 1930)]
See also McFarland v. Withers, 122 N.J. Eq. 167, 171-2 (Ch. 1937).
Further, plaintiff concedes that if, by reason of Scientific's insolvency, it had been adjudicated bankrupt or had been adjudicated insolvent under our state Corporation Act, the bank could have applied, as it did here, the corporate funds on deposit with it by way of set-off to the payment *308 of Scientific's indebtedness to the bank without violating the prohibitions against preferences contained in the federal Bankruptcy Law and the Corporation Act. Rogosin v. City Trust Co. of Passaic, 107 N.J. Eq. 79, 86 (Ch. 1930); Shields v. John Shields Const. Co., 83 N.J. Eq. 21 (Ch. 1914); Receivers v. The Paterson Gas Light Co., 23 N.J.L. 283 (Sup. Ct. 1852); Studley v. Boylston Nat. Bank, 229 U.S. 523, 33 S.Ct. 806, 57 L.Ed. 1313 (1913).[1]
Plaintiff contends, however, that that right of set-off against trustees in bankruptcy and statutory receivers exists only because the Bankruptcy Act and the Corporation Act contain express provisions authorizing the set-off of mutual debts and credits of an insolvent corporation and its creditors. See 11 U.S.C.A. § 108(a) and N.J.S.A. 14A:14-8(1). Plaintiff argues that the absence of a similar statutory provision for set-off in the statutes applicable to assignments for the benefit of creditors establishes that no such right exists and that defendant bank had no right to apply the credit balance of Scientific's bank account in payment of the debt owed by it to the bank.
The argument lacks merit. The right of a debtor of an insolvent corporation to set off a matured debt owed him by the corporation exists irrespective of the forum or the proceedings chosen to wind up the affairs of the corporation  be it bankruptcy, statutory insolvency proceedings or an assignment for the benefit of creditors.
The cited sections of the Bankruptcy Act and the Corporation Act represent "no innovation in the law, and [are] in accord with the principle, generally recognized, that a person against whom a claim is asserted by another may use his own claim against that person in full or partial *309 satisfaction of the asserted claim." 9 Am. Jur.2d, Bankruptcy, § 509 at 394 (1963); see also, Studley v. Boylston Nat. Bank, supra; Cumberland Glass Mfg. Co. v. De Witt, 237 U.S. 447, 35 S.Ct. 636, 59 L.Ed. 1042 (1915); Receivers v. The Paterson Gas Light Co., 23 N.J.L. 283 (Sup. Ct. 1852); 5 Collier on Bankruptcy, (14 ed. 1971), ¶ 68.02.
It is uniformly recognized that statutory provisions such as 11 U.S.C.A. § 108 (a) and N.J.S.A. 14A:14-8 (1) did not create the debtor's right of set-off; they merely provided a method by which that long recognized right could be dealt with in the bankruptcy or receivership proceeding. Studley v. Boylston Nat. Bank, supra, 33 S.Ct. at 808; Receivers v. Paterson Gas Light Co., supra 23 N.J.L. at 289.
In Receivers v. The Paterson Gas Light Co. the statutory receivers of an insolvent corporation brought an action against a debtor of the corporation. The court held that the debtor had the same right of set-off against the receiver as he had had against the corporation at the time of its insolvency. We quote from the opinion of Chief Justice Green:
It seemed to be assumed upon the argument, by the counsel of the plaintiffs, that the equitable doctrine of set-off, as applied in cases of bankruptcy, is founded upon the express provisions of the statutes. And it is certainly true that all modern bankrupt laws contain a provision, that, in all cases where there are mutual debts or mutual credits, the balance only shall be deemed the true debt, and the rest of the claim shall be deemed adjusted by the set-off. And the fact, that all well considered bankrupt laws do contain so broad a provision in favor of set-offs, is in itself the strongest authority in support of the natural equity and justice of the provision. * * *
It is equally true, however, that the jurisdiction of equity over set-offs in cases of bankruptcy, and the practice of allowing them, was not derived from the authority of the statute, but was exercised by the courts long prior to the introduction of the provision into the statute.

* * * * * * * *
The same equitable principle has been uniformly applied under the insolvent laws, where the statute is silent in regard to set-off. Neither our statute abolishing imprisonment for debt, nor the statute *310 regulating the distribution of the estate of insolvents, nor that respecting assignments by debtors for the benefit of creditors, contains any provision in respect to set-off. And it is clear, that in an action by the assignee, under an assignment made for the benefit of creditors, there could be no set-off at law. Yet the uniform construction of the statute has been, that the debtor of the insolvent is entitled to the same allowance, by way of set-off against the claims of the assignee, that he would have been as against the insolvent himself.
The claim of the defendants in this case does not, as has been seen, from technical considerations, constitute a set-off at law. But as the claim was a clear legal and equitable set-off against the bank at the time of the insolvency, and as the receivers took the rights and property of the corporation in the same plight and condition, and subject to the same equities, that the bank held them, it is clear that the claim of the defendants is an equitable set-off against the demand of the receivers. [Emphasis supplied.]
Plaintiff's claim that defendant had no right of set-off because plaintiff is an assignee for the benefit of creditors and not a trustee in bankruptcy or statutory receiver of Scientific is contrary to the settled rule set forth in the portion of the Chief Justice's opinion we have underscored, a rule which has never been modified.
Finally, there is no merit to plaintiff's contention that the powers granted an assignee for the benefit of creditors by N.J.S.A. 2A:19-14 somehow affect the rights and obligations of the defendant bank and barred it from exercising its right of set-off.
N.J.S.A. 2A:19-14 reads as follows:
The assignee, in addition to the powers which he may exercise as the successor to the assignor, shall also at all times be the representative of the creditors of the assignor, and shall have the same power to set aside conveyances, and to recover or reach assets for the benefit of the creditors as a creditor would have who was the holder of a judgment and levy against the assignor and his property at the date of the assignment. All conveyances, mortgages and transfers of property, real or personal, made by the assignor, which are void or voidable as against the creditors of the assignor, shall in like manner be void or voidable as against the assignee.
Plaintiff's reliance is on the statutory language giving him the right "to recover or reach assets * * * as a creditor *311 would have who was the holder of a judgment and levy against the assignor and his property at the date of the assignment."
That provision does not aid plaintiff. Were he, on October 18, 1971, a judgment creditor of Scientific who had caused a levy to be made on that day, pursuant to N.J.S.A. 2A:17-57 to 62, on the right and credit evidenced by the bank account,[2] the levy and any action or proceeding brought against the bank as garnishee would be subject to the bank's right of set-off. Controlling is the settled rule stated by the Supreme Court in Russell v. Fred G. Pohl Co., 7 N.J. 32, 41-42 (1951), with respect to the attachment of a right and credit:
* * * the attachment did not alter the contractual relations between the [garnishee] and the principal debtor. The attachable interest is the actual debt of the garnishee to the principal debtor. It is axiomatic that the plaintiff in attachment can have no greater right against the person summoned as garnishee than the defendant in attachment. There can be no question but that the garnishable interest of the defendant is subject to the garnishee's right of offset at the time of execution of the writ, at the very least. This is a rule of general acceptation.
Nor would a judgment creditor of Scientific be in any better position if he had invoked the procedure authorized by N.J.S.A. 2A:17-75 and 76 to satisfy a judgment against a corporation by demanding and receiving from Scientific an assignment of the debt owed by the bank. While, by reason of N.J.S.A. 2A:17-76, such an assignment would have authorized a suit against the bank by plaintiff as assignee of the debt, the bank's right of set-off would be unaffected, a fact expressly recognized by N.J.S.A. 2A:17-76:
*312 When debts due to a corporation have been delivered, transferred and assigned to an officer holding an execution against the corporation, for the use of the execution creditor, pursuant to section 2A:17-75 of this title, the creditor may sue for and collect the same, subject to such equitable set-offs on the part of the debtor as in other assignments. [Emphasis added].
The judgment for plaintiff is reversed and the cause remanded for entry of judgment for defendant.
NOTES
[1] Indeed, the right of set-off exists even if the debt owed the bank has not matured as of the date the corporation is adjudged insolvent and a receiver or trustee appointed. Shields v. John Shields Const. Co., supra; Leech v. Campbell & Duncan, 103 N.J. Eq. 119 (Ch. 1928).
[2] The cited sections authorize levy on rights and credits, defined to include "all rights and credits which may be taken by writ of attachment against nonresident debtors, and * * * rights and credits of an equitable nature * * *" (with exceptions not pertinent here). N.J.S.A. 2A:17-57.