FRIEDA KANTER, EXECUTRIX, ETC., RESPONDENT, v. SECURITY TRUST COMPANY OF PATERSON, APPELLANT.

Submitted January 29, 1932—Decided March 14, 1933.

Before Justices PARKER and CASE.

For the appellant, *Albert Comstock.*

For the respondent, *Emanuel Shavick.*

The opinion of the court was delivered by

PARKER, J. The trial court struck out the answer and counter-claim, and entered judgment for the amount of plaintiff's claim with interest.

The essential facts, with perhaps one exception, are stipulated. The question of law relates to the right of set-off.

Plaintiff is executrix of the will of Joseph Kanter, deceased, who died October 20th, 1930. At the time of his death he was indebted to the defendant on a note for $1,000 which matured on the day after he died, and on another note for $2,000, which matured December 8th, 1930. It does not appear that there was any balance to his credit on deposit account.

The plaintiff having qualified as executrix, opened an account in that capacity with the defendant about December 1st, 1930, by depositing therein $5,211.04. The source of this money is not stated. She drew various checks against

this account, which were duly honored, but presently found that on January 9th, 1931, defendant had charged her account as executrix with the principal and interest of the two notes, amounting to $3,024. Demand for this money being made and refused, she brought this present suit.

It is alleged in the moving affidavit that the estate is insolvent, but it does not appear that there has been any adjudication of that condition. However, we deem the point illustrative rather than determinative.

The matter of set-off, while fundamentally simple, presents a number of difficulties in its application, as our cases will show. Instances are *Bateman* v. *Connor*, 6 *N. J. L.* 104; *Receivers* v. *Paterson Gas Light Co.*, 23 *Id.* 283; *Crisp* v. *Dunn*, 56 *Id.* 355; *Godkin* v. *Bailey*, 74 *Id.* 655; *Stone* v. *New Jersey and Hudson River Railway Co.*, 75 *Id.* 172; *Roseville Trust Co.* v. *Barney*, 89 *Id.* 550; *reversing*, 88 *Id.* 146. The doctrine being essentially equitable, rules of equity have been applied freely, even at law and even in mitigation of statutes. In whatever aspect the matter is viewed, two principles seem fairly clear. The first is that there should be identity of parties to both claims, and the second, that where insolvency or death of one original party has intervened, the set-off is applicable to the situation existing at and immediately before such insolvency or death. Thus, in Bateman *v.* Connor, the purchaser at an assignee's sale was not allowed to set off a debt due him from the assignor against the purchase price. In Crisp *v.* Dunn, the rule was recognized and reiterated that one may not purchase a claim of another against his creditor and set off that claim. A verdict based on such set-off was sustained, first, on the ground that it was necessitated by the technical condition of the record, and on the further ground that in equity the purchaser had always been the real owner. The case of Receivers *v.* Gas Light Co. holds that in a case of insolvency the situation at the time of insolvency is what controls. Roseville Trust Co. *v.* Barney is to the same effect.

In the case at bar, both the foregoing principles are applicable. When Kanter, the testator, died he owed a debt to the

defendant not yet due, it is true, but we may assume that defendant was then entitled to set off its claim against any balance deceased was carrying in defendant's bank. The case, however, shows no such balance, and consequently there was nothing to which the right of set-off would attach. Nor could it attach to the deposit made later by the plaintiff as executrix of the will: for she was not the testator, but a trustee for his creditors and the beneficiaries under his will. The interests of those creditors and beneficiaries in the assets of the estate vested some days before any deposit was made. Defendant as a creditor was, of course, entitled to share in the estate to the extent of its claim if the estate were solvent, or *pro rata* if it were not; but was not entitled to priority over other creditors in a fund created and entrusted to it for the benefit of all, and subsequent to the death of its debtor.

The judgment will be affirmed.