ALLAN L. TUMARKIN, AS ASSIGNEE FOR THE BENEFIT OF CREDITORS OF SCIENTIFIC RESTAURANT MANAGEMENT CORP., A CORPORATION, PLAINTIFF-APPELLANT, v. FIRST NATIONAL STATE BANK, DEFENDANT-RESPONDENT.

Argued October 17, 1977—Decided February 16, 1978.

*Mr. Allan L. Tumarkin,* appellant, argued *pro se.*

*Mr. Alan D. Wiener* argued the cause for respondent (*Messrs. Raff* and *Schneider,* attorneys).

PER CURIAM. The judgment is affirmed substantially for the reasons expressed in the opinion of the Appellate Division.

PASHMAN, J., dissenting. I cannot agree with the majority's holding today that a bank's right of setoff can be exercised against an assignee for the benefit of creditors after the deed of assignment is made. There is no statutory authorization for permitting such an act by the bank. Absent specific legislative authorization of such special treatment for one particular creditor as against all other creditors, I find the command of *N. J. S. A.* 2A:19–2 that all creditors be treated alike to be dispositive.

Every general assignment made by a debtor residing in this state shall be made for the equal benefit of his creditors in proportion to their several demands, to the extent of the net amount that shall come to the hands of the assignee for distribution. All preferences attempted to be made in any such assignment of one creditor over another, or whereby any one creditor shall be first paid or have a greater proportion in respect of his claim than another, shall be deemed fraudulent and shall render the assignment void.

The facts may be briefly summarized. A loan of $75,000 to DPD, Inc. by the defendant bank was guaranteed individually by Messrs. Silverstein and Wolf, the principals of DPD and by a separate corporate entity, Scientific Restaurant Management Corp. (SRM). In addition to the guaranty, SRM executed a security agreement to the defendant bank in which it granted the bank a security interest in and right to setoff of any account SRM had with the bank. The bank did *not* perfect its security interest.

After the outstanding portion of the loan had been reduced to approximately $21,000, SRM, then insolvent, executed a general assignment for the benefit of all its creditors to the plaintiff. After the assignment was made Silverstein or Wolf called the defendant bank to advise it of the assignment. Shortly thereafter, the defendant bank seized the $21,590 in SRM's bank account. The plaintiff assignee commenced this action charging that the bank had no right to make any setoff after the general assignment because that would result in an unlawful preference in favor of the bank over SRM's other creditors.

The Appellate Division did not accord appropriate significance to the fact that the provisions permitting a priority to a creditor which had a right of setoff in the Bankruptcy Act, 11 *U. S. C.* § 108(a) and in the New Jersey Corporation Act, *N. J. S. A.* 14A:14–8(1), represented explicit legislative judgments that the normal rule requiring that all creditors be treated alike did not apply in certain specifically enumerated circumstances. No similar policy is discernible from the language of the Assignment for the Benefit of Creditors Act, *N. J. S. A.* 2A:19–1 *et seq.*

Under *N. J. S. A.* 2A:19–14 the assignee for the benefit of creditors has the same power to reach the assets of the assignor as one who was the holder of a judgment and to levy against the assignor and his property at the date of the assignment. Thus, even though the instant contractual provision between the guarantor and the bank provided that an assignment for the benefit of creditors constituted a default which made the guaranty immediately enforceable,[1] the effect of this provision could not antecede the operation of the assignment. The default could not have occurred until a point in time immediately after the assignment. *N. J. S. A.* 2A:19–14, fairly read, provides for the transfer of all the assets of the debtor instantaneously upon the execution of the assignment and also provides that as of that time the assignee has the status and rights of a judgment creditor who has levied against all the assets of the assignor. Thus, guarantor SRM's bank account had been legally assigned to and must be deemed to have been levied upon by its creditors as of the moment of the assignment. This lien attached before the bank became aware of the assignment and sought to exercise its right of setoff. Its decision to setoff came too late, as, by that time, there was no SRM property in the bank's hands upon which it could exercise the right of setoff which it concededly possessed as against SRM.

---

[1] DPD's note provided that upon the occurrence of a default, the bank was deemed to have exercised the right of setoff.

Our decision in *Russell v. Fred G. Pohl Co.*, 7 *N. J.* 32 (1951), is relied on by defendant bank. However, its fact pattern does not support the bank's position. In 1945 Fred G. Pohl Co. had assigned all monies due and to become due from the American Type Founders to the Title Guarantee and Trust Company. In keeping with the assignment, American Type Founders paid funds to Title Guarantee and Trust Company in 1945, 1946 and 1947. Plaintiff Russell instituted a suit by attachment in March 1946 against Fred G. Pohl Company. Some five days later the Sheriff, acting under the writ, attached the entire right, claim and credit of the Fred G. Pohl Company against American Type Founders. Russell did not obtain judgment until May 1949.

When Russell sought to have American Type Founders held in contempt and to have execution issue for the amount due on the plaintiff's judgment, the order to show cause was discharged. This Court affirmed because by the time the writ issued in March 1946 there had already been an absolute assignment of the rights and credits in question to the Title Guarantee and Trust Company. Thus, there was no property of the defendant in attachment in the hands of American Type Founders upon which the writ of attachment could operate. In the instant case, at the very moment SRM assigned the account for the benefit of creditors, the bank became a debtor of the assignee rather than of SRM. Unfortunately for the bank, as against the assignee it possessed no right of setoff.

I agree with the trial judge's characterization that the dictum of the *Russell* opinion concerning a garnishee's right of setoff at the time of execution of the writ with respect to a garnishable interest did not refer to a situation where the assignment had occurred prior to the actual exercise of the right of setoff.

The opinion below, 142 *N. J. Super.* 304 (App. Div. 1976), stressed the fact that the statutory provisions allowing setoff in the Bankruptcy Act and the New Jersey Corporation Act did not *create* the debtor's right of setoff, but rather

merely provided a method by which that long recognized right could be dealt with in a bankruptcy or receivership proceeding, citing *Studley v. Boylston Nat. Bank*, 229 *U. S.* 523, 528, 33 *S. Ct.* 806, 808, 57 *L. Ed.* 1313, 1316 (1913) and *Receivers v. Paterson Gas Light Co.*, 23 *N. J. L.* 283, 289 (Sup. Ct. 1852). The Court fails to recognize that the bankruptcy trustee does not simply stand in the shoes of the debtor, but in those of a levying creditor with a lien, § 70(c) of the Bankruptcy Act, 11 *U. S. C. A.* § 110(c). Absent the specific provision permitting the setoff, 11 *U. S. C. A.* § 108(a), the preference to the bank could not be made. Moreover, the Court ignores the fact that when *Receivers* was decided in 1852, an assignee for the benefit of creditors did *not* have the enhanced status of a levying creditor. Chief Justice Green's opinion rested on the fact that the receivers took the debtor's property "in the *same* plight and condition, and subject to the same equities," as the debtor, and that "assignees take a bankrupt's property in the same condition, and subject to the same burthens, as the bankrupt himself held it." 23 *N. J. L.* at 292, 291. This is not the situation today when the assignee is in the position of a lien creditor. The Court adheres to these anachronistic notions despite the plain wording to the contrary in the applicable statute. *N. J. S. A.* 2A:19–2 and 14.

I do not dispute the right of the bank or any other potential creditor to protect itself by making a loan contingent on the execution of a security interest in particular assets of the debtor. It is noteworthy that the bank had SRM execute such a security agreement in this very transaction. The security interest was to include the balance of every deposit account then or thereafter existing which the guarantor had with defendant bank. However, the bank neither obtained nor filed the financing statement requisite to the perfection of its security interest. Thus, by its own lack of diligence the bank lost its otherwise paramount position as a secured creditor. Now it comes forward with the claim that a right of setoff should be extended to give it

rights equivalent to those lost as a result of its own negligence, to the great detriment of a number of other creditors. Under the Assignment for the Benefit of Creditors Act no such right of setoff is provided for an unsecured creditor or for a secured creditor who has not perfected his security interest (or recorded his mortgage if realty were involved) and it ill behooves this Court to create such a preference in a situation where the bank brought its suffering upon itself.

Accordingly, I respectfully dissent from the judgment of the Court. I would adopt the findings of the trial court and reverse the judgment of the Appellate Division.

Justice CLIFFORD joins in this opinion.

*For affirmance*—Chief Justice HUGHES and Justices SULLIVAN and HANDLER—3.

*For reversal*—Justices PASHMAN and CLIFFORD—2.