240 N.J. Super. 134 (1990)
572 A.2d 1163
IN THE MATTER OF THE ESTATE OF RAYMOND F. JOHNSON, JR., DECEASED.
Superior Court of New Jersey, Appellate Division.
Submitted February 20, 1990.
Decided April 3, 1990.
*135 Before Judges BRODY and SKILLMAN.
Ostrowitz & Ostrowitz, attorneys for appellant, The Central Jersey Bank & Trust Company (Louis A. Novellino, on the brief).
Jahos, Broege & Shaheen, attorneys for respondent (Robert D. Broege, on the brief).
The opinion of the court was delivered by SKILLMAN, J.A.D.
*136 This action was filed by Evan William Jahos, as executor of the estate of Raymond F. Johnson, Jr. The first count of the complaint seeks a declaration that the estate is insolvent, an order fixing a schedule for an accounting and an award of reasonable fees to the attorneys for the estate. The second count seeks a judgment against the Central Jersey Bank and Trust Company (Central Jersey) for $32,316 plus interest representing the balance in the estate checking account which the bank seized in partial satisfaction of a judgment against the estate for a debt of the decedent.
Central Jersey filed a motion for summary judgment with respect to the second count of the complaint which was heard together with the executor's application for a declaration of insolvency of the estate. The trial court determined that the estate was insolvent and that Central Jersey could not retain the balance in the checking account in partial satisfaction of its judgment against the estate. These rulings were memorialized in an order entered on May 1, 1989, entitled "Amended Judgment of Insolvency and Denying Motion of Creditor Bank for Summary Judgment," which among other things ordered Central Jersey to replace the sum of $32,316 it had removed from the estate's checking account. Central Jersey appeals from the parts of the May 1, 1989 order denying its motion for summary judgment and entering judgment in favor of the estate for the balance in the checking account.
Preliminarily, we note that the order from which this appeal has been taken is interlocutory, because it does not resolve all issues as to all parties. See Henderson v. Morristown Memorial Hospital, 198 N.J. Super. 418, 426-427, 487 A.2d 742 (App.Div. 1985), certif. den. 101 N.J. 250, 501 A.2d 922 (1985). Indeed, the order expressly states that:
All other matters brought to the attention of the Court in these proceedings, including without limitation, the allowance of reasonable attorneys' fees, shall be determined upon presentation of an application for approval of his Account and distribution by the Executor.
*137 The trial court also expressly reserved decision on all issues relating to priorities among creditors. However, since Central Jersey originally filed a motion for leave to appeal which it later withdrew on the mistaken assumption that the amended order entered on May 1, 1989 was a final judgment and the matter has been fully briefed by all parties, we grant leave to appeal nunc pro tunc. See R. 2:4-4(b)(2).
The facts pertinent to this appeal are undisputed. The decedent executed a demand note for $80,000 to Central Jersey on August 7, 1984. This note remained unpaid at the time of decedent's death on May 23, 1988. Upon his appointment as executor of the estate, Mr. Jahos opened a checking account at Central Jersey. During the period of administration, Central Jersey brought suit on the note against the estate. The estate failed to answer the complaint and a default judgment was entered for $100,704.73. Central Jersey set off the $32,316 balance in the estate's checking account in partial satisfaction of the judgment. The executor then filed this lawsuit alleging among other things that the setoff was invalid.
The trial court stated in an oral opinion that during decedent's lifetime Central Jersey could have set off any balance decedent had with the bank against his indebtedness. However, upon his death, decedent's money passed to his estate and Central Jersey assumed the same position as any other creditor of the estate. Consequently, Central Jersey could not assert a setoff against the estate's account in the bank in order to establish a preference for itself in relation to other creditors. Rather, it was required to pursue its claim pursuant to N.J.S.A. 3B:22-1 et seq. We agree with the trial court's analysis and therefore affirm.
The facts of this case are essentially the same as in Kanter v. Security Trust Co., 110 N.J.L. 361, 165 A. 430 (Sup.Ct. 1933). In Kanter, as in this case, the decedent had an outstanding indebtedness to defendant bank at the time of his death and the executrix of his estate subsequently opened an account at the *138 same bank. The bank attempted to apply the balance in the estate's account in satisfaction of the decedent's indebtedness to the bank, relying upon the doctrine of setoff. The estate then sued the bank for recovery of the balance in the account. In affirming a judgment in favor of the executrix, our former Supreme Court stated:
The matter of set-off, while fundamentally simple, presents a number of difficulties in its application, as our cases will show.... In whatever aspect the matter is viewed, two principles seem fairly clear. The first is that there should be identity of parties to both claims, and the second, that where insolvency or death of one original party has intervened, the set-off is applicable to the situation existing at and immediately before such insolvency or death....
In the case at bar, both the foregoing principles are applicable. When Kanter, the testator, died he owed a debt to the defendant not yet due, it is true, but we may assume that defendant was then entitled to set off its claim against any balance deceased was carrying in defendant's bank. The case, however, shows no such balance, and consequently there was nothing to which the right of set-off would attach. Nor could it attach to the deposit made later by the plaintiff as executrix of the will: for she was not the testator, but a trustee for his creditors and the beneficiaries under his will. The interests of those creditors and beneficiaries in the assets of the estate vested some days before any deposit was made. Defendant as a creditor was, of course, entitled to share in the estate to the extent of its claim if the estate were solvent, or pro rata if it were not; but was not entitled to priority over other creditors in a fund created and entrusted to it for the benefit of all, and subsequent to the death of its debtor. [110 N.J.L. at 362-363, 165 A. 430; citations omitted].
Although the opinions of our former Supreme Court are not binding upon us, because the jurisdiction possessed by that court under our pre-1947 judicial system was comparable to the jurisdiction now possessed by this court, see Weller v. Home News Publishing Co., 112 N.J. Super. 502, 505, 271 A.2d 738 (Law Div. 1970), we find the analysis in Kanter persuasive and therefore affirm substantially for the reasons expressed therein.
The circumstances of this case are different from those in Tumarkin v. First Nat'l State Bk. of N.J., 142 N.J. Super. 304, 361 A.2d 550 (App.Div. 1976), aff'd. o.b. 75 N.J. 373, 382 A.2d 1122 (1978), the case primarily relied upon by Central Jersey. The bank in Tumarkin seized the balance in the debtor's own account while the bank in this case seized the balance in the *139 account of another party, the decedent's executor. Consequently, while the circumstances in Tumarkin may have satisfied the prerequisite to a setoff that there be an "identity of parties to both claims," Kanter v. Security Trust Co., supra, 110 N.J.L. at 362, 165 A. 430, that identity is clearly absent in this case. Therefore, as in Kanter, "[d]efendant as a creditor was, of course, entitled to share in the estate ... but was not entitled to priority over other creditors in a fund created and entrusted to it for the benefit of all, and subsequent to the death of its debtor." 110 N.J.L. at 363, 165 A. 430.
Accordingly, we affirm the order on appeal and remand for the further proceedings contemplated by that order including a determination of the validity and priority of all claims against the estate.