284 N.J. Super. 229 (1995)
664 A.2d 952
JACQUELIN S. JETER, PLAINTIFF-APPELLANT,
v.
SYLVESTER STEVENSON AND JOHNNIE M. MOODY, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued September 12, 1995.
Decided September 26, 1995.
*230 Before Judges PRESSLER and WEFING.
John H. Watson, Jr. argued the cause for appellant (Mr. Watson, on the brief).
Donald M. Garson argued the cause for respondent Johnnie M. Moody (Buttafuoco, Karpf & Arce, attorneys; Donald M. Garson, on the letter brief).
The opinion of the court was delivered by PRESSLER, P.J.A.D.
*231 This is an automobile negligence, personal injury action. Plaintiff Jacquelin S. Jeter claims to have sustained injuries when the vehicle she was driving was struck in the rear by an automobile owned by defendant Johnnie M. Moody and operated by defendant Sylvester Stevenson. Stevenson died before being served, and we understand that service upon his personal representative has still not been effected. The complaint was dismissed as to Moody on her motion for summary judgment. Plaintiff appeals.[1] We reverse.
The issue before the court on Moody's summary judgment motion was that of agency, and the motion was granted on the court's finding that there was "no proof of any agency relationship between the defendant driver Sylvester Stevenson, and the defendant owner, Johnnie M. Moody." We are satisfied that that finding is not supported by the record. We base this conclusion on the presumption of agency to which plaintiff was entitled in discharge of her burden of coming forward with proof of agency and the questionable admissibility of the proof offered by Moody to rebut that presumption.
In support of her motion, Moody submitted a handwritten statement bearing Stevenson's signature. The statement, evidently taken by an investigator for Moody's automobile liability carrier, is dated August 14, 1991, two months after the accident. The statement is not sworn to and not authenticated. There is nothing in the record to indicate any of the circumstances under which the statement was taken, including the identity of the person taking it, whether it was dictated in full or in part or was entirely in *232 Stevenson's own words, whether it was in Stevenson's or someone else's hand,[2] what Stevenson's state of health was at the time, whether other persons were present and, if so, who, and the inducements or explanations, if any, offered to Stevenson at the time of the taking. Indeed, none of the facts in the statement, nor even the fact of the taking of the statement itself, was corroborated by anyone  not Moody, not the person taking the statement, and not the person witnessing the statement.
In the introductory portion of the statement, Stevenson identified himself as Moody's boyfriend for the past three years and noted his address, marital status, age and social security number, as well as Moody's address, where, he said, the statement was taken at 3:45 p.m. He also identified Moody's vehicle and explained that on the day of the accident, she had come to East Orange Hospital to pick him up after he had visited someone there. The balance of the unedited statement reads as follows:
As she drove to one of the front entrances, she told me that she had to go in to the Ladies Bathroom. She left the keys in the car and the car was still running. I was standing outside the car waiting for her. A man came by who was a security guard at the hospital. He asked me if I would give him a ride home, which was a short ways. I got into the car and so did the gentleman. Mrs. Moody did not give me permission to drive her car, I drove out of the hospital and turned onto Central Avenue. This road has two lanes in each direction. I was not drinking any alcohol nor was I taking any drugs. There was no road construction or anything to block my view. The sun was not in my eyes. I do not need eyeglasses to drive. The time was about 3:00 p.m. It was not raining and there was no water on the roadways, in was a clear sunny day. I have never drove this car more than 1 time when I had to take a sick lady home. Mrs. Moody will not let anyone drive her car. As I came upon the intersection of Central Avenue and South Burnet St. the car in front of me was backing up. I do not remember if the rear back-up lights were on. I stop my car completely but that car kept coming towards me in reverse while my car was stopped. This car hit me at the front center of the car. I was not injured and either was the passenger but he said I'm going to try to get some money out of this and he went to the emergency room. The car that hit us had 1 female driver. I don't know if she was hurt. the Police came. I wasn't given any traffic tickets, but a ambulance drove by and the officer pulled it over and took the injured people away. I have read the above and 2 proceeding pages of this *233 statement and feel same to be true and correct to the best of my knowledge and belief.
The statement is obviously artful. It denies agency. It denies express permission from the owner of the vehicle, raising questions of coverage under the omnibus clause, which requires coverage of all persons driving the insured vehicle with permission. It challenges liability in its description of how this rear-end hit occurred. It exculpates both the driver and the owner. It is, in short, a defense dream.
The issue, however, is whether this statement justified the trial court's conclusion that it dispelled any question of fact as to Stevenson's agency. We are satisfied that it did not.
New Jersey law recognizes a presumption that the driver is acting as the owner's agent. Kauffman v. Gullace, 252 N.J. Super. 467, 472-473, 600 A.2d 143 (App.Div. 1991). The presumption is, of course, rebuttable. Its effect is to discharge the proponent's burden of producing evidence and to shift to the adverse party the burden of coming forward with contrary evidence. N.J.R.E. 301. Moody relied on Stevenson's statement as the contrary evidence here, and the judge accepted it as conclusive. That was error. First, evidence submitted in support of a motion for summary judgment must be admissible. Sellers v. Schonfeld, 270 N.J. Super. 424, 427, 637 A.2d 529 (App.Div. 1993). Compare R. 1:6-6 (the facts asserted in an affidavit in support of a motion must be "admissible in evidence"). There is, obviously, a substantial question as to the admissibility in evidence of Stevenson's statement. Second, even if Stevenson's statement were to be held admissible, its assertions are not conclusive. It does no more than raise a factual issue as to plaintiff's entitlement to the benefit of the presumption.
As to admissibility, it is clear that that determination is informed by N.J.R.E. 804(b)(6), formerly Evid.R. 63(32). N.J.R.E. 804(b)(6), encaptioned "Trustworthy statements by deceased declarants," conditions admissibility first upon the statement having been "made in good faith upon the declarant's *234 personal knowledge" and second upon the statement having been made "in circumstances indicating that it is trustworthy." The trial judge did not address either of these conditions. He did not in fact address the issue of admissibility at all. We are satisfied that that must be done by way of a preliminary hearing pursuant to N.J.R.E. 104(a).
With regard to the second condition required by N.J.R.E. 104(a), we think it plain that the trustworthiness of the circumstances surrounding Stevenson's statement, taken by Moody's insurer's investigator in almost entirely unknown circumstances, is hardly a foregone conclusion. At least for purposes of this motion, it was, as we have noted, corroborated neither by Moody herself, who submitted no supporting affidavit, nor by Stevenson's passenger, who was identified in the police report of the accident, nor by whomever it was who had taken the statement and had witnessed the statement. It was not authenticated. Clearly all of the circumstances surrounding the giving of that statement, including the circumstances we have already identified, must be explored and its inconsistencies with Moody's answers to interrogatories[3] considered before an admissibility ruling can be made. The same is true of the rule's good-faith condition. We think it plain that without proof warranting a judge to make a good-faith and trustworthy finding, the statement was not admissible on the motion.
We are further satisfied that even if the statement were to be held admissible, the finder of fact at trial would not be compelled to accept it as true. Both Moody's interest and Stevenson's are self-evident, as is the interest of the person taking the statement. *235 There are inconsistencies between Moody's answers to interrogatories and Stevenson's statement. We are thus of the view that a jury would be entitled to reject the truth of the statement in any or all of its particulars just as it would be entitled to reject the credibility of any other unrebutted testimony whose truth is not compelling. See Ferdinand v. Agricultural Ins. Co. of Watertown, N.Y., 22 N.J. 482, 494, 126 A.2d 323 (1956), making clear that
Where men of reason and fairness may entertain differing views as to the truth of testimony, whether it be uncontradicted, uncontroverted or even disputed, evidence of such a character is for the jury. [citations omitted] But when the testimony of witnesses, interested in the event or otherwise, is clear and convincing, not incredible in the light of general knowledge and common experience, not extraordinary, not contradicted in any way by witnesses or circumstances and so plain and complete that disbelief of the story could not reasonably arise in the rational process of an ordinarily intelligent mind, then a question has been presented for the court to decide and not the jury.
[citations omitted]
We do not know, of course, how the facts adduced at trial will play out should the statement be deemed admissible. Our point is that in terms of the present record, the credibility of Stevenson's statement is a matter as to which reasonable minds may differ.
Should the statement be held admissible and should the jury reject its credibility, the question then remains as to the effect these determinations would have on the presumption of agency. Again we are guided by the express language of N.J.R.E. 301, which provides that "If evidence is introduced tending to disprove the presumed fact, the issue shall be submitted to the trier of fact for determination unless the evidence is such that reasonable persons would not differ as to the existence or nonexistence of the presumed fact." It is too early in the factual development of this action for us to say whether or not the admissibility of the statement by itself would dispose of the agency issue in Moody's favor. We do not know what Moody herself would testify to or what, if any, light would be shed by Stevenson's passenger. This much, however, is clear. If there is contrary evidence adduced, the presumption will have fulfilled its procedural role in shifting the burden of coming forward and will not itself constitute evidence of the fact of agency. To the extent, however, that the *236 proofs may support a logical inference that Stevenson was driving the vehicle as Moody's agent, plaintiff would be entitled to have the jury instructed that it may draw such an inference. Silver Lining v. Shein, 37 N.J. Super. 206, 216-218, 117 A.2d 182 (App. Div. 1955). And see 1991 Supreme Court Committee Comment to N.J.R.E. 301.
Although the foregoing conclusion disposes of the precise issue before us, we are constrained to add these additional observations in the interests of justice and to the end that this litigation may proceed in an expeditious and orderly fashion. At the outset, it is clear that the agency issue will become virtually irrelevant if Stevenson is entitled to coverage under Moody's policy as a permissive driver. The first order of business then is for Stevenson's estate to be substituted for Stevenson as a party defendant. The second order of business is for Stevenson's estate to be served. In the interests of expedition, if there has not yet been administration of his estate, plaintiff should move for an order of substituted service on Moody's insurance company pursuant to R. 4:4-4(b)(3). Feuchtbaum v. Constantini, 59 N.J. 167, 171, 280 A.2d 161 (1971); Young v. Bunny Bazaar, Inc., 107 N.J. Super. 320, 326-327, 258 A.2d 158 (Law Div. 1969). If the insurer chooses to disclaim in reliance on the omnibus clause, it shall do so promptly. Plaintiff shall then seek an order joining it as a party-defendant, and the coverage issue shall be promptly decided. In view, however, of the liberality with which the omnibus clause is construed in the interests of protection of the driving public, Odolecki v. Hartford Accident & Indemnity Co., 55 N.J. 542, 549, 264 A.2d 38 (1970), we would anticipate that any such disclaimer, should the insurer opt to do so as a matter of good-faith pleading, would be subject to speedy resolution.
The summary judgment appealed from is reversed. We remand to the trial court for further proceedings consistent with this opinion.
NOTES
[1] Since the action is at least technically still pending against Stevenson, the grant of summary judgment as to Moody was interlocutory, not final. R. 2:2-3(a)(1); Matter of Estate of Johnson, 240 N.J. Super. 134, 136, 572 A.2d 1163 (App.Div. 1990) (final judgment must dispose of all issues as to all parties). We have opted, however, to grant leave to appeal nunc pro tunc in the interests of justice. R. 2:4-4(b)(2); Tennis Club Assoc. v. Planning Bd., 262 N.J. Super. 422, 427, 621 A.2d 79 (App.Div. 1993).
[2] A cursory examination of the statement suggests that the signature is in a different hand from the text.
[3] For example, Moody's answers to interrogatories assert that at the time of the accident, she was at work, a fact at odds with Stevenson's statement. More significantly, her answers state that she did not learn of the accident until three days after it had occurred. In view of the circumstances recited by Stevenson, it hardly seems credible that Moody would have left the hospital's ladies room to rejoin Stevenson and would not have questioned either his absence or that of her vehicle or, if he had by then returned, would not have noticed the palpable damage to her vehicle.