# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1936-21

J.R., as administratrix ad
prosequendum of the Estate of
V.R. and J.R.,[1] individually,

     Plaintiffs-Appellants,

v.

NEW JERSEY STATE PAROLE
BOARD, STATE OF NEW JERSEY,
NEW JERSEY DEPARTMENT OF
CORRECTIONS, and DIVISION
OF PAROLE,

     Defendants,

and

SR. PAROLE OFFICER
ANGEL RODRIGUEZ,

     Defendant-Respondent.

_____

Submitted June 1, 2023 – Decided December 21, 2023

---

[1] We employ initials to identify V.R., her foster parent J.C. and her mother, J.R., because the identity of a victim of an alleged sexual assault, V.R., is confidential and not subject to public disclosure. N.J.S.A. 2A:82-46(b).

Before Judges Accurso and Vernoia.

On appeal from the Superior Court of New Jersey, Law Division, Monmouth County, Docket No. L-0470-16.

Blume, Forte, Fried, Zerres & Molinari, PC, attorneys for appellants (Michael B. Zerres, of counsel and on the briefs; Richard T. Madurski, on the briefs).

Matthew J. Platkin, Attorney General, attorney for respondent (Sookie Bae-Park, Assistant Attorney General, of counsel; Justine M. Longa, Deputy Attorney General, on the brief).

The opinion of the court was delivered by

VERNOIA, J.A.D.

Under the New Jersey Tort Claims Act, N.J.S.A. 59:1-1 to 12-3, a public employee is not liable for injuries resulting from the parole of a prisoner or the terms and conditions of the prisoner's parole. N.J.S.A. 59:5-2(a). But that broad grant of immunity does not exonerate a public employee from liability for injuries where the employee's conduct "constitute[s] a crime, actual fraud, actual malice or willful misconduct." N.J.S.A. 59:3-14(a).

It is claimed defendant Angel Rodriquez worked as the supervising parole officer of convicted sex offender and parolee Brian Farmer in July 2019, when Farmer is alleged to have sexually assaulted and brutally murdered nine-year-old V.R. and murdered V.R.'s then-foster parent, J.C. Plaintiff J.R., V.R.'s

2

biological mother, later filed suit on her own behalf and as administratrix ad prosequendum of V.R.'s estate, claiming defendant engaged in willful misconduct—an alleged failure to properly supervise Farmer on parole—and, as a result, defendant is not immune from liability under N.J.S.A. 59:5-2(a) and instead is liable under N.J.S.A. 59:3-14(a) for plaintiff's and V.R.'s injuries and damages. Plaintiff appeals from an order granting defendant summary judgment based the court's determination plaintiff lacked evidence defendant's alleged actions constituted willful misconduct under N.J.S.A. 59:3-14(a), and defendant therefore is immune from liability under N.J.S.A. 59:5-2(a). Based on our review of the record, the parties' arguments, and the applicable legal principles, we vacate the court's order and remand for further proceedings.

Plaintiff's First Complaint

In July 2015, plaintiff filed a complaint alleging the New Jersey State Parole Board, the State of New Jersey, the New Jersey Department of Corrections, Division of Parole, and defendant recklessly, carelessly, and negligently supervised Farmer on parole and thereby proximately caused V.R. to suffer injuries and death as a result of the sexual assault and murder allegedly committed by Farmer. Those defendants jointly moved for summary judgment, arguing they were immune from liability under N.J.S.A 59:5-2(a).

3

The court granted the motion, finding plaintiff did not plead a cause of action upon which relief may be granted, see R. 4:6-2(e), because defendants were immune from liability under N.J.S.A. 59:5-2(a) for the only claim asserted in the complaint—that defendants recklessly, carelessly, or negligently caused the asserted injuries and damages. The court, however, recognized plaintiff could properly assert a legally cognizable claim alleging willful misconduct against the defendants. The court noted the initial complaint did not assert a willful misconduct claim and explained that it made "no ruling with regard to" such a claim.

The court denied plaintiff's request for leave to file an amended complaint to add a willful misconduct claim, reasoning the putative claim required the filing of a new complaint. The court explained it was not "precluding [plaintiff] from raising that claim." In its order dismissing the initial complaint, the court stated it "ma[de] no ruling with regard to" willful misconduct.

Plaintiff appealed from the court's order dismissing the reckless, careless, and negligent conduct cause of action. We affirmed the order, J.R. v. N.J. State Parole Bd., No. A-2277-15 (App. Div. Mar. 9, 2018) (slip op. at 26), but noted the court had stated plaintiff could file a new complaint asserting a willful

misconduct claim. Id. at 4 n.2. We further observed that plaintiff had already filed a second complaint asserting a willful misconduct claim. Ibid.

Plaintiff's Second Complaint

In her second complaint, plaintiff asserted a single cause of action alleging Farmer was a violent sex offender serving parole under defendant's supervision at the time of V.R.'s sexual assault and murder. The complaint further alleged defendant engaged in reckless and willful misconduct in his supervision of Farmer by failing to follow the "rules, policies, procedures, regulations and directives related to supervising and monitoring a paroled violent sex offender, such as" Farmer. Plaintiff also averred that as a direct and proximate result of defendant's "deliberate indifference and willful misconduct, [V.R.] . . . was violently and sexually assaulted and murdered by . . . Farmer, and, suffered great physical pain and suffering and emotional and psychiatric suffering and distress."

The complaint also alleged the New Jersey State Parole Board, State of New Jersey, and State of New Jersey, Department of Corrections and Division of Parole, were vicariously liable for defendant's alleged willful misconduct. The court later granted the State defendants' motion to dismiss the complaint,

and the matter proceeded solely on plaintiff's willful misconduct claim against defendant.[2]

Defendant filed an answer to the complaint. During discovery, plaintiff provided a report from a putative liability expert Nancy Hildner who in part opined that defendant engaged in willful misconduct by failing to supervise Farmer in accordance with New Jersey State Parole Board policies and procedures.[3] In response to Hildner's report, defendant offered a certification from James Stephens, a long-time employee of the New Jersey State Parole Board, Division of Parole, who is a Supervising Parole Office/Captain and whose duties include supervising the Sex Offender Management Unit.[4] In his certification, Stephens provided an "assessment" of Hildner's report, detailing his numerous disagreements with her findings and conclusions.

---

[2] Plaintiff does not challenge the court's order dismissing the complaint as to the New Jersey State Parole Board, State of New Jersey, and State of New Jersey, Department of Corrections and Division of Parole.

[3] The summary judgment record does not identify Hildner's putative area of expertise or any evidence establishing Hildner's purported qualifications as an expert witness.

[4] The summary judgment record does not identify Stephens' putative area of expertise. His certification describes his experience as an employee in the Division of Parole, but the lack of any description of the area of expertise for which defendant might offer him as an expert witness renders it impossible to determine if he might be properly qualified as an expert.

Defendant moved for summary judgment. He argued he is entitled to judgment as a matter of law because he is immune from liability under N.J.S.A. 59:5-2(a) and plaintiff lacked evidence he engaged in willful misconduct such that he is exonerated from the immunity under N.J.S.A. 59:3-14(a). Plaintiff opposed the motion, arguing there were genuine issues of material fact concerning defendant's supervision of Farmer's parole prior to V.R.'s sexual assault and murder.[5]

The Summary Judgment Record

We review a grant of summary judgment de novo, applying the same standard as the trial court. Conforti v. Cnty. of Ocean, 255 N.J. 142, 162 (2023); Samolyk v. Berthe, 251 N.J. 73, 78 (2022). The standard requires that we "consider whether the competent evidential materials presented, when viewed in the light most favorable to the non-moving party, are sufficient to permit a rational factfinder to resolve the alleged disputed issue in favor of the non-moving party." Ibid. (quoting Statewide Ins. Fund v. Star Ins. Co., 253 N.J. 119,

---

[5] Plaintiff cross-moved to bar defendant's putative expert, Stephens, from testifying at trial. As we explain, the court granted defendant's summary judgment motion and then denied plaintiff's cross-motion as moot. Plaintiff does not argue the court erred by denying the cross-motion, but because we vacate the court's summary judgment order and remand for further proceedings, the court shall consider and decide the cross-motion to the extent required based on its disposition of the summary judgment motion.

125 (2023)). We also must determine "whether 'the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law.'" Branch v. Cream-O-Land Dairy, 244 N.J. 567, 582 (2021) (quoting R. 4:46-2(c)).

In reviewing a summary judgment record, we limit our findings of fact to those facts properly presented in accordance with Rule 4:46-2. The Rule states:

> [A] party moving for summary judgment is required to submit a "statement of material facts" . . . "set[ting] forth in separately numbered paragraphs a concise statement of each material fact as to which the movant contends there is no genuine issue together with a citation to the portion of the motion record establishing the fact or demonstrating that it is uncontroverted."
>
> [Claypotch v. Heller, Inc., 360 N.J. Super. 472, 488 (App. Div. 2003) (quoting R. 4:46-2(a)).]

A moving party's citation to the motion record "shall identify the document and shall specify the pages and paragraphs or lines thereof or the specific portions of exhibits relied on" in support of each statement of material facts. R. 4:46-2(a).

8                                                                                          A-1936-21

"[A]ll material facts in the movant's statement which are sufficiently supported will be deemed admitted for purposes of the motion only, unless specifically disputed by citation conforming to the requirements of paragraph (a) demonstrating the existence of a genuine issue as to the fact." R. 4:46-2(b). "[A] party opposing a motion for summary judgment [must] 'file a responding statement either admitting or disputing each of the facts in the movant's statement.'" Claypotch, 360 N.J. Super. at 488 (quoting R. 4:46-2(b)).

Rule 4:46-2's requirements are "critical" but "entail[] a relatively undemanding burden." Housel v. Theodoridis, 314 N.J. Super. 597, 604 (App. Div. 1998). They are "designed to 'focus [a court's] . . . attention on the areas of actual dispute' and [to] 'facilitate the court's review' of the motion." Claypotch, 360 N.J. Super. at 488 (second alteration in original) (quoting Pressler & Verniero, Current N.J. Court Rules, cmt. 1.1 on R. 4:46-2 (2003)). A court must decide a motion for summary judgment based only on the "factual assertions . . . that were . . . properly included in the motion [for] and [in opposition to] . . . summary judgment" pursuant to Rule 4:46-2. Kenney v. Meadowview Nursing & Convalescent Ctr., 308 N.J. Super. 565, 573 (App. Div. 1998); see also Lombardi v. Masso, 207 N.J. 517, 549 (2011) (Rivera-Soto, J., dissenting) (stating a trial court must decide a summary judgment motion

"[b]ased on the [Rule]-defined, specifically tailored summary judgment record before it").

Consistent with those principles, in our de novo review of the court's order granting defendant summary judgment, we consider only "those [properly included] factual assertions" set forth in the parties' Rule 4:46-2 statements. Kenney, 308 N.J. Super. at 573; see also Lombardi, 207 N.J. at 549 (Rivera-Soto, J., dissenting) ("That limitation—that a summary judgment determination is defined and limited by the summary judgment record—also applies on appeal."). Applying that standard, we have reviewed the parties' Rule 4:46-2 statements, summarize the scant undisputed facts they support, and view those facts in the light most favorable to plaintiff as the non-moving party.[6] See Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995).

In support of his summary judgment motion, defendant submitted a statement of material facts consisting of twenty-four paragraphs, nineteen of

---

[6] The record on appeal includes defendant's statement of material facts pursuant to Rule 4:46-2(a), which is supported by defendant's counsel's initial certification with exhibits annexed and a supplemental certification with additional exhibits annexed. The record also includes plaintiff's response to defendant's statement of material facts and a counterstatement of material facts, which are supported by plaintiff's counsel's certification with exhibits annexed, including a "Case Point Summary" with annexed exhibits and a confidential appendix.

which describe nothing more than the allegations in the first and second complaints, and the procedural history of the matter and exchange of discovery, including the parties' exchange of putative expert reports. The facts alleged in those paragraphs pertain solely to defendant's argument on appeal that the willful misconduct claim asserted in the second complaint is barred under the doctrine of res judicata.

The remaining five paragraphs of defendant's Rule 4:46-2(a) statement assert few facts. In the first two paragraphs, defendant asserts V.R. was "tragically killed" in July 2014 and Farmer "was suspected of committing the murder" and passed away prior to his trial on charges related to the murder. In her Rule 4:46-2(b) response to those two averments of fact, plaintiff admitted the first and disputed the second, noting that Farmer was charged with, and detained for, the murder and was not just "suspected" of committing it.

In the third of the remaining paragraphs in his statement of material facts, defendant incorporates by reference the contents of Stephens' certification. The certification is fourteen pages long, consists of thirty-one separate paragraphs, and constitutes a point-by-point refutation of the opinions and alleged facts set forth in plaintiff's putative expert Hildner's report.

A-1936-21

Like Hildner's report, Stephens' certification is riddled with factual assertions about what defendant and other parole supervisors allegedly did or failed to do during the supervision of Farmer on parole, and what Farmer said and did during his period of parole supervision. The certification does not reflect that the factual assertions are based on Stephens' personal knowledge, and it is otherwise clear they are not. See R. 1:6-6.

As we have explained:

> Where a motion for summary judgment is based on facts either not of record or not judicially noticeable, Rule 1:6-6 allows the court to "hear it on affidavits made on personal knowledge setting forth only facts which are admissible in evidence to which the affiant is competent to testify and which may have annexed thereto certified copies of all papers or parts thereof referred to therein."
>
> [New Century Fin. Servs., Inc. v. Oughla, 437 N.J. Super. 299, 317 (App. Div. 2014).]

Contrary to those well-established requirements, none of the factual assertions in Stephens' certification concerning the supervision of Farmer is supported by a citation to competent evidence in the motion record.[7] See R. 4:46-2(a).

---

[7] We acknowledge Stephens refers to various parole policies he claims were in effect during, and governed the requirements for, defendant's supervision of Farmer on parole. The policies are not annexed to Stephens's certification and he otherwise relied on reports and records made by others in concluding

Although "hearsay statements upon which an expert relies are admissible . . . to apprise the jury of the basis of the opinion reached," they are not admissible to "establish[] the truth of their contents." State v. Torres, 183 N.J. 554, 576 (2005) (quoting State v. Humanik, 199 N.J. Super. 283, 305 (App. Div. 1985)). Thus, Stephens' numerous assertions of fact concerning defendant's and Farmer's actions during the supervision of Farmer on parole do not constitute competent evidence establishing facts we may accept and properly consider in our de novo determination of defendant's summary judgment motion.[8] Ibid.; see also Jeter v. Stevenson, 284 N.J. Super. 229, 233 (App. Div.

---

defendant complied with the policies and therefore did not engage in willful misconduct. Because Stephens' factual assertions are not based on his personal knowledge or otherwise supported by evidence the summary judgment record establishes is admissible, we may not properly accept Stephens' assertions, to the extent defendant attempted to incorporate them by reference in his statement of material facts, as establishing facts supporting defendant's summary judgment motion. See R. 4:46-2(a).

[8] We also find no support in Rule 4:46-2 for defendant's circumvention of the plainly stated requirement that a party moving for summary judgment "shall set forth in separately numbered paragraphs a concise statement of each material fact to which the movant contends there is no genuine issue together with a citation to the portion of the motion record establishing the fact or demonstrating that it is uncontroverted." That is, defendant's wholesale incorporation of Stephens' certification into the statement of material facts contravenes Rule 4:46-2(a)'s requirements and is therefore unacceptable. In any event, for the reasons we have explained, Stephens' certification does not properly establish any facts pertinent to the disposition of the summary judgment motion because

1995) ("[E]vidence submitted in support of a motion for summary judgment must be admissible.").  And, for the same reasons, we do not accept Hildner's assertions in her report as constituting competent evidence establishing facts we may properly consider in our de novo review of defendant's summary judgment motion.

The two remaining paragraphs in defendant's Rule 4:46-2(a) statement of material facts refer to Stephens' conclusory opinions defendant's supervision of Farmer did not "contribute[] in any way to the homicides committed by Farmer on July 30, 2014," and the record lacked evidence defendant's conduct "resembled willful misconduct as a matter of law."  In her response, plaintiff denied the assertions, citing Hildner's opinion as set forth in her report, that defendant's willful disregard of parole office policies and procedures, backdating of chronological record entries, and failure to make contact with Farmer established that defendant engaged in willful misconduct resulting in the sexual assault and murder of V.R.

---

the factual assertions included are not based on Stephens' personal knowledge or other competent evidence.  See R. 1:6-6.

A-1936-21

Plaintiff submitted a counterstatement of material facts in opposition to defendant's motion.[9] Plaintiff asserted that under New Jersey State Parole Board policies, defendant was required to perform one face-to-face contact with Farmer every thirty days, a positive home visit to Farmer's approved residence every thirty days, and one random drug or alcohol test every thirty days. In support of the assertion, plaintiff cites a document entitled "800 Series – Procedure," that is included in a confidential appendix.[10] The document is neither certified nor supported by a certification, affidavit, or other competent evidence establishing it as a New Jersey State Parole Board policy or procedure

---

[9] Plaintiff's appendix on appeal also includes a two-page "Case Point Summary." The record does not reflect whether the summary was submitted to, or filed with, the motion court, and the only reference to the document in the record on appeal is in plaintiff's listing of it in the index of the items included in the appendix. In any event, even if the summary was submitted to the motion court, we do not consider it as establishing facts that may be properly considered in our de novo review of the summary judgment record. The summary is not certified, supported by an affidavit or certification in accordance with Rule 1:6-6, or otherwise tethered to a citation to competent evidence. See Rule 4:46-2(b). Moreover, the purported facts included in the summary are not set forth in the plaintiff's counterstatement of material facts as required under Rule 4:46-2(b).

[10] We are uncertain of the basis on which plaintiff submitted a confidential appendix. The record on appeal includes a protective order entered by the trial court permitting submission of "certain privileged and confidential records" pertaining to V.R.'s custody that was filed in a Family Division non-dissolution matter, but it is unclear whether the documents included in plaintiff's confidential appendix on appeal are within the scope of the protective order.

that governed defendant's supervision on Farmer on parole. See Kenney, 308 N.J. Super. at 573.

Plaintiff's counterstatement of material facts also asserts defendant "was required to immediately report any violations of Farmer's conditions of supervision," and "was required to familiarize himself with Farmer's case plan agreement to ensure continuity of compliance." In support of the assertion, plaintiff cites the "N.J. State Parole Board Policy and Procedure #09.881 Sex Offender Management" that is included in the confidential appendix. The policy included in the appendix is incomplete and untethered to any competent evidence establishing it governed defendant's supervision of Farmer on parole, and the record does not include "Farmer's case plan agreement."[11]

Plaintiff also asserts defendant made untimely entries in a chronological record of his supervision of Farmer. More particularly, plaintiff asserts defendant made his first entry in the chronological record on July 30, 2014, stating he called Farmer that day but did not make contact with him. Plaintiff further asserts it was not until July 31, 2014, that defendant made an entry in the chronological record detailing purported activity concerning Farmer that

---

[11] The policy in the appendix includes only paragraphs numbered "3" and "4." It does not include the policy's other paragraphs.

occurred fifteen days earlier on July 16, 2014.[12]  Defendant also avers that the next entry, made on August 4, 2014, describes defendant's interaction with Farmer during a phone call that defendant reported occurred on July 28, 2014.[13] Last, plaintiff asserts defendant's chronological report next includes a second entry made on August 4, 2014, reporting an alleged telephone call defendant had with Farmer four days earlier on July 31, 2014.[14]

In plaintiff's final assertion in her counter-statement of material facts, she first states Farmer had not been charged with any other crimes during "the relevant term of his parole" supervision other than when he was supervised by defendant.  The parties' respective statements of material facts, however, do not include any averments of fact supported by competent evidence establishing the relevant period of Farmer's parole supervision by defendant or anyone else, or

---

[12]  The July 31, 2014 entry in part states that on July 16, 2014, defendant visited Farmer's "approved residence," and spoke with the owner who confirmed Farmer resided there and was at work.

[13]  The August 4, 2014 entry describes a July 28, 2014 phone call defendant reported he had with Farmer during which they discussed Farmer's claimed need to move from his then-current residence and defendant's instruction that Farmer report to the Asbury Park Rescue Mission for temporary housing.

[14]  The second August 4, 2014 entry describes a July 31, 2014 phone call defendant reported he had with Farmer during which Farmer confirmed his whereabouts and claimed he was at the Asbury Park Rescue Mission.

A-1936-21

that he had never been previously charged with an offense while on parole supervision.

In plaintiff's final averment of fact in opposition to defendant's summary judgment motion, she asserts that on August 14, 2014, Division of Parole Lieutenant Thomas Barr placed Farmer in a more restrictive phase of supervision.

Based on the scant factual assertions set forth in the parties' Rule 4:46-2 submissions, the court heard oral argument on defendant's motion for summary judgment.[15] Defendant argued the motion should be granted because plaintiff lacked evidence that any of his purported actions or failure to act in supervising defendant constituted willful misconduct such that he is exonerated under N.J.S.A. 59:3-14 from the immunity to which he is otherwise entitled under

---

[15] In the dearth of facts provided in the parties' Rule 4:46-2 statements, the record lacks even the most basic facts pertinent to plaintiff's claims, defendant's assertion of immunity under N.J.S.A. 59:5-2(a), and plaintiff's contention defendant is not entitled to immunity because he engaged in willful misconduct, see N.J.S.A. 59:3-14. For example, the parties' Rule 4:46-2 statements do not address or establish: Farmer's period of parole supervision by the Division of Parole, defendant, or anyone else; that Farmer was a convicted sex offender; Farmer's designated level of supervision on parole; the date or location of V.R.'s sexual assault and murder; the date defendant learned of the assault and murder; and many other facts that may be deemed pertinent to a determination of whether defendant violated any Division of Parole policies or procedures as alleged by plaintiff and, if so, whether the violations constituted willful misconduct under N.J.S.A. 59:3-14.

N.J.S.A. 59:5-2(a). Plaintiff asserted defendant engaged in willful misconduct because he did not supervise defendant in accordance with Division of Parole policies, he back-dated certain entries in the chronological report to cover up his failures, and defendant should have known—given Farmer's status as a convicted sex offender and the purpose of the requirements for close supervision of convicted sex offenders on parole—that defendant's alleged failure to properly supervise Farmer would likely result in Farmer's alleged commission of crimes—the sexual assault and murder of V.R.

In its decision from the bench, the court did not make findings of fact based on the parties' Rule 4:46-2 statements or otherwise. See R. 1:7-4. Instead, the court generally summarized the law governing a determination as to whether public employees have engaged in willful misconduct under N.J.S.A. 59:3-14 such that they are exonerated from immunity under N.J.S.A. 59:5-2(a). The court then determined that although the events that are the subject of the complaint are "tragic" and "horrific[,]" and defendant's "conduct . . . is negligent, perhaps even above negligence, [and] maybe reckless," the conduct does not "arise to the level of willful misconduct."

Based on those limited findings, the court granted defendant's summary judgment motion and entered a memorializing order.[16] This appeal followed.

We conduct a de novo review of an order granting summary judgment, applying the same standard as the trial court. Conforti, 255 N.J. at 162; Samolyk, 251 N.J. at 78. In doing so, we must "consider whether the competent evidential materials presented, when viewed in the light most favorable to the non-moving party, are sufficient to permit a rational factfinder to resolve the alleged disputed issue in favor of the non-moving party." Ibid. (quoting Statewide Ins. Fund, 253 N.J. at 125). We must also consider "whether 'the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law.'" Branch, 244 N.J. at 582 (quoting R. 4:46-2(c)).

Our de novo review on appeal is not a substitute for a trial court's obligation, in the first instance, "to set forth factual findings and correlate them to legal conclusions," and measure "[t]hose findings and conclusions . . . against the standards set forth in Brill." Great Atl. & Pac. Tea Co., Inc. v. Checchio,

---

[16] As noted, the court also denied as moot plaintiff's cross-motion to bar Stephens' testimony at trial.

A-1936-21

335 N.J. Super. 495, 498 (App. Div. 2000) (citing 142 N.J. at 540). As we explained in Estate of Doerfler v. Fed. Ins. Co., "[a]lthough our standard of review" of a summary judgment order "is de novo, our function as an appellate court is to review the decision of the trial court, not to decide the motion tabula rasa." 454 N.J. Super. 298, 301-02 (App. Div. 2018) (citation omitted).

Here, the court did not make the findings based on the summary judgment record required by Rule 1:7-4's "unambiguous" requirements, and, for that reason, we vacate the court's order and remand for further proceedings. Id. at 302. On remand, the court shall reconsider defendant's motion, conduct such additional proceedings as it deems appropriate, and "'state clearly [its] factual findings and correlate them with relevant legal conclusions, so the parties and appellate courts [are] informed of the rationale underlying th[ose] conclusion[s]'" and the basis for its decision. Avelino-Catabran v. Catabran, 445 N.J. Super. 574, 594-95 (App. Div. 2016) (alterations in original) (quoting Monte v. Monte, 212 N.J. Super. 557, 565 (App. Div. 1986)).

As we have explained, the parties' Rule 4:46-2 statements provide few facts in support of, and in opposition to, defendant's motion, and many of the scant factual assertions are unsupported by citations to competent evidence. We observe, however, that in their respective briefs before this court the parties

21

make numerous assertions of fact that are untethered to the <u>Rule</u> 4:46-2 statements presented to the motion court and therefore may not be properly considered on a determination of a summary judgment motion. Allegations of fact in briefs on appeal are no substitute for the exchange of statements of material fact required under <u>Rule</u> 4:46-2. <u>See</u> <u>Kopec v. Moers</u>, 470 N.J. Super. 133, 156-57 (App. Div. 2022) (citations omitted) (finding "[s]ummary judgment requirements . . . are not optional" and explaining summary judgment may be denied for failing to meet the requirements of <u>Rule</u> 4:46-2).

It appears the parties may agree on many facts pertinent to a disposition of defendant's summary judgment motion, and the important issues presented by the motion deserve an appropriate record presented in accordance with the <u>Rule</u>. We accordingly do not preclude the court on remand from exercising its discretion to allow the exchange of substituted or supplemental <u>Rule</u> 4:46-2 statements of material fact, if requested by a party or the parties, such that the record permits a determination of the undisputed facts supporting the parties' respective positions. And, as noted, the remand court shall otherwise conduct such proceedings on the summary judgment motion as it deems necessary.

Nothing in this opinion shall be construed as expressing an opinion on the merits of defendant's motion or plaintiff's opposition to it. The merits shall be

addressed and decided in the first instance by the trial court in accordance with Rule 4:46-2 and the Brill standard based on the record presented. 142 N.J. at 540.

We also note that defendant argues for the first time on appeal he is entitled to judgment as a matter of law based on the doctrine of res judicata. More particularly, defendant argues the dismissal of plaintiff's original complaint bars the filing of the second complaint under the doctrine of res judicata. We do not consider the merits of the argument because it was not "properly presented to the trial court," and does not "go to the jurisdiction of the trial court or concern matters of great public interest," State v. Robinson, 200 N.J. 1, 20 (2009) (quoting Nieder v. Royal Indem. Ins. Co., 62 N.J. 229, 234 (1973)), but because we remand for further proceedings, we do not preclude defendant from presenting the argument to the trial court on remand.

Vacated and remanded for further proceedings. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1936-21